*Castel J*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEARSON EDUCATION, INC.,
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING INC., and
THE MCGRAW-HILL COMPANIES, INC.,

      Plaintiffs,

  v.            07-CV-7890(PKC)

MATTHEW STIRLING D/B/A
THETEXTBOOKGUY.COM
AND JOHN DOES NOS. 1-5,

      Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/07

## STIPULATION AND PROTECTIVE ORDER

  Plaintiffs Pearson Education, Inc., John Wiley & Sons, Inc., Cengage Learning, Inc. (formerly Thomson Learning, Inc.), and The McGraw-Hill Companies, Inc., and Defendants Matthew Stirling d/b/a thetextbookguy.com, by and through their respective attorneys, hereby enter into, and submit for the Court's approval and entry, this Stipulation and Protective Order ("Order") for the protection of confidential documents and information during the course of this litigation pursuant to Federal Rule of Civil Procedure 26(c).

  The term "document" for purposes of this Order is synonymous in meaning and equal in scope to the definition provided in Federal Rule of Civil Procedure 34(a).

  1.  Plaintiffs, Defendants and any third party or non-party to this case must have the right to designate as "confidential" any document or information relevant to this litigation, including without limitation answers to interrogatories, responses to requests for admission *or* document requests, and any portion of deposition testimony or other testimony by any witness,

that contains or discloses: (a) the designating party's or person's confidential personal information, business information, trade secrets, or sensitive proprietary commercial, financial or research information that has not been released into the public domain; or (b) information the confidentiality of which the designating party or person providing discovery is under a legal duty to protect.

2.  Any document that a party or a third party claims is confidential and subject to the terms of this Order must be designated as such by conspicuously stamping the word "CONFIDENTIAL" on each page or, in the case of deposition transcripts, by designating the transcript (or portions thereof) confidential on the record or by a letter to all counsel of record within fifteen days of receiving the transcript.

3.  The parties must treat a deposition transcript as confidential until the aforementioned fifteen-day period lapses, and thereafter must treat any transcript designated in whole or in part as "CONFIDENTIAL" in accordance with the provisions of this Order.

4.  No party, or its representatives, may use materials marked "CONFIDENTIAL" may use such materials for any purpose other than for the purposes of this litigation. No party, or its representatives, may use such materials for any other business, personal or other purpose whatsoever, except that the Plaintiffs may use the materials to investigate the infringing activities of others.

Materials marked "CONFIDENTIAL" may be disclosed only to the following individuals, in accordance with the terms of this paragraph and subject to the other provisions of this Order, unless this Order is modified by further Order of the Court: (a) counsel for any party to this litigation and the partners and regular employees of such counsel to whom it is necessary

that the information be disclosed for purposes of this litigation; (b) the parties to this litigation and current or former officers and employees of said parties who are in fact assisting in the prosecution or defense of this case; (c) any expert or consultant engaged by a party to this litigation or its counsel for the purpose of assisting in the conduct of this litigation; (d) the Court, court personnel, court reporters and persons (including commercial vendors) engaged to make copies of documents, subject to this Order; (e) any other person, entity, or firm with the prior written consent of the party who designates the material as confidential; and (f) any deponent but solely for purposes of the deposition.

5.  Each party, or its representatives, may disclose confidential material only to the persons identified in ¶¶ 4(b), (c), (e) and (f), but not until any such persons have executed an agreement in the form of the confidentiality agreement attached hereto as Exhibit "A."

6.  If an objection to a designation of material as "confidential" is made, counsel for the objecting party must set forth the objection in writing to counsel for the designating party and, thereafter, counsel for the objecting and designating parties must confer as soon as practicable in a good faith effort to resolve the dispute. In the absence of resolution, the objecting party may file, as soon as practicable after the conference, a motion to strike the confidential designation. Pending resolution of the motion, the parties and their representatives must treat such material as if it bears the confidential classification sought by the designating party, except as required by the Court and agreed upon in writing by the parties. This paragraph in no way changes the burden of proof on the parties under existing case law with respect to establishing the confidentiality of documents.

7.  If either party wishes to file any confidential material of the other party with the Court or wishes to file any of its own confidential material under seal, such party must deliver the confidential material to the Clerk of the Court under seal, clearly marked to indicate that the material is not to be made available for public inspection. The envelope in which such such party delivers such material to the Clerk of the Court must contain the word "Confidential" and must include a statement in substantially the following form.

> **CONFIDENTIAL MATERIAL FILED UNDER SEAL: This document is subject to a Protective Order issued by the Court and may not be opened, examined, copied or revealed by anyone except under order of the Court.**

Any party who wishes to file any confidential material must also observe any court rules (including but not limited to local rules) concerning the filing of such material, which rules may necessitate obtaining a court order concerning such filing.

8.  If, at any time, any confidential material in the possession, custody, or control of any persons other than the person who originally produced such confidential material is subpoenaed or requested by a court, administrative agency, legislative body or other person or entity, the person to whom the subpoena or requests is directed must provide written notice of such subpoena or request to each person who originally produced such confidential material at least ten days prior to any designated response date so as to enable the producing person to oppose such subpoena or request.

9.  In the event that confidential material is disclosed to someone not authorized to receive such information under this Order, counsel of record for the party making the disclosure

must give, promptly upon learning of such disclosure, notice to counsel of record for the party who produced the confidential material.

10. Nothing in this Order must be construed to preclude or limit any party from opposing any discovery or claiming any privilege on any ground that would otherwise be available, nor must production of any documents or information pursuant to this Order be referred to or construed as an admission that the documents or information so produced are relevant or admissible into evidence in this case.

11. Nothing in this Order must preclude any party from demanding a more restrictive level of protection beyond the CONFIDENTIAL designation, as may be warranted by the case, and upon agreement by and between the parties, or upon order of the Court.

12. Nothing in this Order must restrict a party from making use of confidential material that it produces, and such use must not constitute a waiver of confidentiality for purposes of this Order.

13. The inadvertent production of any document or other information during discovery in the action must be without prejudice to any claim that such material is confidential.

14. If either party uses any confidential material in any proceedings concerning this litigation, it will not thereby lose its protected status through such use. The parties agree to take all steps reasonably required to protect confidential material during such use, but the parties acknowledge that the use of such material during the trial of this case must be governed by such procedures as the Court might direct.

15. The final disposition or settlement of this litigation is not intended to release any person who has received confidential materials from any obligation imposed by this Order; and in such case, this Order is intended to remain in full force and effect.

16. Within sixty days of the final resolution of this litigation, including any appeals, each party to this litigation must use its best efforts to retrieve all copies of confidential materials from its own files, and from experts or other persons to whom they have been provided consistent with this Order, and to return to the opposing party all documents and copies thereof produced during discovery or otherwise supplied in this action; provided that, in lieu of returning the same, counsel may, with consent of opposing counsel, certify to opposing counsel in writing that all such materials and all copies thereof have been destroyed.

17. The parties agree to submit this Order to the Court promptly for its approval, but further agree that, prior to approval by the Court, or even if not approved, the parties intend that this document be effective among them as if approved.

*Executed by Counsel for Plaintiffs and Defendants as of October 28, 2007.*

AMIGONE, SANCHEZ, MATTREY & MARSHALL, LLP

_____
Attorneys for Defendants
Christ Gaetanos, of counsel
1300 Main Place Tower
350 Main Street
Buffalo, New York 14202
716-852-1300 (O)
             1344 (F)
cgaetanos@att.net

DUNNEGAN LLC

_____
Attorneys for Plaintiffs
William Dunnegan (WD 9316)
Megan L. Martin (MM 4396)
350 Fifth Avenue
New York, New York 10118
212-332-8300 (O)
             8301 (F)
wd@dunnegan.com
mlm@dunnegan.com

SEE ADDENDUM TO WHICH THE TERMS HEREOF ARE SUBJECT

SO ORDERED:

_____
U.S.D.J.
11-13-07

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

PEARSON EDUCATION, INC.,
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING INC., and
THE MCGRAW-HILL COMPANIES, INC.,

                Plaintiffs,

    v.                                   07-CV-7890(PKC)(JMI)

MATTHEW STIRLING D/B/A
THETEXTBOOKGUY.COM
AND JOHN DOES NOS. 1-5
_____

**CONFIDENTIALITY AGREEMENT**

I, _____, state under the pains and penalties of perjury that that I have read and reviewed in its entirety the annexed Stipulation and Protective Order ("Protective Order") that has been signed and entered by the Court in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, not to disseminate or disclose any information subject to the Protective Order that I either review or about which I am told, to any person, entity, party, or agency for any reason except in accordance with the terms of the Protective Order, and to submit to the jurisdiction of this Court in the event of an asserted breach of this Agreement.

DATED: _____, 200_

                                                               _____
                                                               (Signature)
                                                              (Type/print name/title)

ADDENDUM TO STPULATION AND PROTECTIVE ORDER
Pearson Education v. Stirling, et al.
<u>07 Civ. 7890 (PKC)</u>

Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific document to be sealed. Any application to seal shall be accompanied by an affidavit and memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing <u>United States v. Amodeo</u>, 44 F.3d 141, 145 (2d Cir. 1995) ("<u>Amodeo I</u>") and <u>Lugosch v. Pyramid Co. of Onondaga,</u> 435 F.3d 110, 119-120 (2d Cir. 2006).  Without any further application to the Court, the following may be redacted from any letter, memorandum, exhibit, deposition testimony or other document to be filed with the Clerk: social security numbers, taxpayer-identification numbers, financial account numbers, and names of minor children (replaced by initials); where a redaction has been made, the fact of the redaction shall be noted on the page where it has occurred.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
November 13, 2007