UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

PEARSON EDUCATION, INC.,
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING INC. AND
THE MCGRAW-HILL COMPANIES, INC.,

                              Plaintiffs         **ANSWER TO**
                                                                            **AMENDED COMPLAINT**

                    v.                                        07-CV-7890(PKC)

MATTHEW STIRLING D/B/A THE TEXTBOOK GUY. COM
AND JOHN DOES NOS. 1-5,

                              Defendants
_____

       Defendant Mathew Stirling, d/b/a thetextbookguy.com ("Defendant"), by and through their attorneys, Amigone, Sanchez, Mattrey & Marshall, LLP, Christ Gaetanos, Esq., of Counsel, as and for his Answer to the Complaint ("Complaint") of Plaintiffs, Pearson Education, Inc., John Wiley & Sons, Inc., Cengage Learning Inc. and The McGraw-Hill Companies, Inc., allege and respectfully show the Court as follows:

       1.        With respect to the allegations contained in paragraph 1, Defendant denies that its sales "in the United States of non-United States versions of plaintiffs' [sic] educational books" are "unlawful," and it has no knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiffs' have enforceable copyrights and trademarks in the works that are the subject of this litigation, but admits the remaining allegations therein.

       2.        With respect to the allegations contained in paragraph 2 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of these allegations.

3. With respect to the allegations contained in paragraph 3 of the Complaint, Defendant denies them.

4. With respect to the allegations contained in paragraph 4 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity.

5. With respect to the allegations contained in paragraph 5 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity.

6. With respect to the allegations contained in paragraph 6 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity.

7. With respect to the allegations contained in paragraph 7 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity.

8. With respect to the allegations contained in paragraph 8 of the Complaint, Defendant admits these allegations.

9. With respect to the allegations contained in paragraph 9 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity.

10. With respect to the allegations contained in paragraph 10 of the Complaint, Defendant admits the allegations upon information and belief.

11. With respect to the allegations contained in paragraph 11 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity.

12. With respect to the allegations contained in paragraph 12 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity.

13. With respect to the allegations contained in paragraph 13 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity.

14. With respect to the allegations contained in paragraph 14 of the Complaint, Defendant admits upon information and belief that such allegations are often true but denies knowledge or information sufficient to form a belief as to their truth or falsity, or relevance, with respect to the copyrights, trademarks and works in issue in this action.

15. With respect to the allegations contained in the first sentence of paragraph 15 of the Complaint, Defendant admits upon information and belief that such allegations are often true but denies knowledge or information sufficient to form a belief as to their truth or falsity, or relevance, with respect to the copyrights, trademarks and works in issue in this action.

With respect to the allegations contained in the second sentence of paragraph 15 of the Complaint, Defendant denies such allegations.

With respect to the allegations contained in the third sentence of paragraph 15, Defendant admits upon information and belief that such allegations are often true but denies knowledge or information sufficient to form a belief as to their truth or falsity, or relevance, with respect to the copyrights, trademarks and works in issue in this action.

With respect to the allegations contained in the fourth sentence of paragraph 15, Defendant admits upon information and belief that such allegations are often true but denies knowledge or information sufficient to form a belief as to their truth or falsity, or relevance, with respect to the copyrights, trademarks and works in issue in this action.

With respect to the allegations contained in the fifth sentence of paragraph 15, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity.

With respect to the allegations contained in the sixth, Defendant denies such allegations.

16. With respect to the allegations contained in paragraph 16, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity, but Defendant admits

that the Amended Complaint is supplemented by Schedules A, B, C & D, which purport to identify certain copyrights that the respective Plaintiffs allege that one or another of the Plaintiffs have registered.

17. With respect to the allegations contained in paragraph 17, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity, but Defendant admits that the Amended Complaint is supplemented by a Schedule E, which purports to identify certain trademarks that Plaintiff Pearson alleges that it has registered.

18. With respect to the allegations contained in paragraph 18, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity, but Defendant admits that the Amended Complaint is supplemented by a Schedule F, which purports to identify certain trademarks that Plaintiff Wiley alleges that it has registered.

19. With respect to the allegations contained in paragraph 19, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity, but Defendant admits that the Amended Complaint is supplemented by a Schedule G, which purports to identify certain trademarks that Plaintiff Cengage alleges that it has registered.

20. With respect to the allegations contained in paragraph 20, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity, but Defendant admits that the Amended Complaint is supplemented by a Schedule H, which purports to identify certain trademarks that Plaintiff McGraw–Hill alleges that it has registered.

21. With respect to the allegations contained in paragraph 21, Defendant admits having purchased Plaintiffs' respective "Foreign Editions" (as defined in paragraph 15 of the Complaint), having done so without Plaintiffs' permission, having resold such Foreign Editions and having done so at the web sites so noted, but states that many of such Foreign Editions were not manufactured

outside the United States and denies knowledge or information sufficient to form a belief as to the truth or falsity of other allegations therein.

    22.    With respect to the allegations contained in paragraph 22, Defendant repeats and realleges each and every response set forth above with respect to paragraphs 1 through 21 as if fully set forth hereunder.

    23.    With respect to the allegations contained in paragraph 23, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity.

    24.    With respect to the allegations contained in paragraph 24, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity.

    25.    With respect to the allegations contained in paragraph 25, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity.

    26.    With respect to the allegations contained in paragraph 26, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity.

    27.    With respect to the allegations contained in paragraph 27, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity.

    28.    With respect to the allegations contained in paragraph 28, Defendant denies the allegations.

    29.    With respect to the allegations contained in paragraph 29, Defendant denies the allegations.

    30.    With respect to the allegations contained in paragraph 30, Defendant denies the allegations.

    31.    With respect to the allegations contained in paragraph 31, Defendant denies the allegations.

32. With respect to the allegations contained in paragraph 32, Defendant repeats and realleges each and every response set forth above with respect to paragraphs 1 through 31 as if fully set forth hereunder.

33. With respect to the allegations contained in paragraph 33, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity.

34. With respect to the allegations contained in paragraph 34, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity.

35. With respect to the allegations contained in paragraph 35, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity.

36. With respect to the allegations contained in paragraph 36, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity.

37. With respect to the allegations contained in paragraph 37, Defendant denies knowledge or information sufficient to form a belief as to their truth or falsity.

38. With respect to the allegations contained in paragraph 38, Defendant denies the allegations.

39. With respect to the allegations contained in paragraph 39, Defendant denies the allegations.

40. With respect to the allegations contained in paragraph 40, Defendant denies the allegations.

41. With respect to the allegations contained in paragraph 41, Defendant denies the allegations.

42. With respect to the allegations contained in paragraph 42, Defendant repeats and realleges each and every response set forth above with respect to paragraphs 1 through 41 as if fully set forth hereunder.

43. With respect to the allegations contained in paragraph 43, Defendant denies the allegations.

44. Denies each and every other remaining allegation contained in paragraphs 1 through 43 of the Complaint and the entitlements as to which Plaintiffs allege are their due in the ad damnum clause, all as if expressly set forth hereunder.

### AS AND FOR A FIRST DEFENSE
### WITH RESPECT TO ALL CLAIMS:

45. The Complaint fails to state a claim upon which relief can be granted, including but not limited by kind or nature to facts alleged in paragraph 17 of the original Complaint.

### AS AND FOR A SECOND DEFENSE
### WITH RESPECT TO ALL CLAIMS:

46. Venue is improper.

### AS AND FOR A THIRD DEFENSE
### WITH RESPECT TO ALL CLAIMS:

47. Plaintiffs' claims are barred by the doctrines of acquiescence, estoppel, laches and waiver.

### AS AND FOR A FOURTH DEFENSE WITH RESPECT TO
### THE SECOND AND THIRD CLAIMS:

48. Plaintiffs' First Claim, if sustained, would provide Plaintiffs with an adequate remedy and overlap Plaintiffs' Second and Third Claims, such that Plaintiffs' Second and Third Claims may not be maintained.

### AS AND FOR A FIFTH DEFENSE WITH RESPECT TO
### THE THIRD CLAIM:

49. Plaintiffs' First and Second Claims, if sustained, would provide Plaintiffs with an adequate remedy and overlap Plaintiffs' Third Claims, such that Plaintiffs' Third Claim may not be maintained.

### AS AND FOR A SIXTH DEFENSE
### WITH RESPECT TO ALL CLAIMS:

50. Plaintiffs' Claims are barred by the doctrine of exhaustion (first sale).

### AS AND FOR A SEVENTH DEFENSE
### WITH RESPECT TO ALL CLAIMS:

51. Upon information and belief, Plaintiffs, or any one or more of them, may lack standing to bring to assert some or all of the Claims.

### AS AND FOR A EIGHTH DEFENSE
### WITH RESPECT TO ALL CLAIMS:

52. Plaintiffs' Claims and/or the remedies sought may be barred by the First Amendment to the United States Constitution.

### AS AND FOR A EIGHTH DEFENSE
### WITH RESPECT TO ALL CLAIMS:

53. Defendant's use of and activities with respect to works that are subject to copyright may be subject to the defense of fair use.

### AS AND FOR A NINTH DEFENSE
### WITH RESPECT TO ALL CLAIMS:

54. Some or all of Plaintiffs' Claims may be barred or subject to dismissal for failure to comply with renewal, notice and registration requirements and with other necessary formalities.

### AS AND FOR A TENTH DEFENSE
### WITH RESPECT TO ALL CLAIMS:

55. Some or all of the copyrights on which Plaintiffs rely may have been forfeited or abandoned.

### AS AND FOR A TENTH DEFENSE
### WITH RESPECT TO ALL CLAIMS:

56.     Some or all of the copyrights on which Plaintiffs rely may have been forfeited or abandoned.

### AS AND FOR A ELEVENTH DEFENSE
### WITH RESPECT TO ALL CLAIMS:

57.     Some or all of Plaintiffs' Claims are barred by the merger doctrine.

### AS AND FOR A TWELVTH DEFENSE
### WITH RESPECT TO ALL CLAIMS:

58.     Plaintiffs have engaged in copyright abuse and misuse and have unclean hands.

### AS AND FOR A THIRTEENTH DEFENSE
### WITH RESPECT TO ALL CLAIMS:

59.     Plaintiffs' actions in this regard amount to a violation of New York State and United States antitrust laws, including the Robinson-Patman Act.

### AS AND FOR A FOURTEENTH DEFENSE
### WITH RESPECT TO ALL CLAIMS:

60.     The Court does not have personal jurisdiction over Defendant.

### DEFENDANT DEMANDS A JURY TRIAL

### PRAYER FOR RELIEF

WHEREFORE, the Defendants demand judgment as follows:

1.     Dismissing the Complaint in its entirety;

2.     Awarding to Defendants their reasonable attorneys fees;

3.     Awarding to Defendants the costs and disbursements of this action; and

4.     Awarding such other and further relief as the Court may deem just and proper.

Dated:  Buffalo, New York
        January 4, 2008

                                        Yours, etc.,

                        **AMIGONE, SANCHEZ, MATTREY & MARSHALL, LLP**

                By:    /s/ Christ Gaetanos
                        Christ Gaetanos, Esq., of Counsel
                        Attorneys for Defendant
                        1300 Main Place Tower
                        Buffalo, New York 14202
                        Phone: (716) 852-1300
                        E-Mail: cgaetanos@att.net

TO:    WILLIAM DUNNEGAN
        MEGAN L. MARTIN
        Attorneys for Plaintiffs
        350 Fifth Avenue
        New York, New York 10118
        212-332-8300