UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| PEARSON EDUCATION, INC., : | |
| JOHN WILEY & SONS, INC., : | |
| CENGAGE LEARNING INC. AND : | |
| THE MCGRAW-HILL COMPANIES, INC., : | |
| : | |
| Plaintiffs, : | |
| : | |
| -against- : | 07 Civ. 7890 (PKC) |
| : | |
| MATTHEW STIRLING, et al. : | |
| : | |
| Defendants. : | |

_____:


DECLARATION OF CHRIST GAETANOS IN OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE THE FINAL JUDGMENT AND PERMANENT INJUNCTION ENTERED MARCH 5, 2008 AND ADJUDGE DEFENDANT MATTHEW STIRLING IN CONTEMPT.


CHRIST GAETANOS hereby declares pursuant to 28 U.S.C. 1746 that the following is true and correct.

1.  I am a member of the Bar of the State of New York and have been admitted to practice in the Bar of this court *pro hac vice*.

2.  While the Plaintiffs papers concerning its motion for contempt are not specific in the matter, we presume from a reading of them, and in particular from the citations to authority in Plaintiffs' Memorandum of Law therewith, and from the overall circumstances of the litigation, that we are concerned here only with a motion for civil contempt.

3.  I understand that a court has inherent power to hold a party in civil contempt only when (a) the order the party allegedly failed to comply with is clear and unambiguous; (b) the proof of noncompliance is clear and convincing; and (c) the party has not diligently attempted in a reasonable manner to comply. See *EEOC v. Local 638, et al.*, 753 F.2d 1172 (2nd Cir ,1985, affirmed 478 U.S. 421.

4.  Except as stated below, Mr. Stirling does not contest the first two elements of the *Local 638* formulation.

5.  The only factual basis for the motion is that Mr. Stirling "fail[ed] to make the $15,000 payment due on April 1, 2008."

      6.      While it is true that Mr. Stirling did not make this payment, upon information and belief, it is also true that he does not "have the present ability to comply with the court's [Final Judgment] in any meaningful sense." *United States v. Wendy*, 575 F.2d. 1025 (2nd Cir. 1978).

      7.      The basis for my information and belief is Mr. Stirling's repeated assertions to me, some going back several months, even before the Final Judgment was signed, that (a) he is quite limited in his ability to make sizable damage payments; and (b) that he thought he would be able to make the April 1, 2008 payment but that circumstances have arisen that now make that impossible, mostly because he was unable to sell many of the textbooks in his possession to generate needed funds (most of these textbooks were turned over to Plaintiffs as part of the terms of resolution of the instant litigation).

      8.      I can attest that the legal fees and disbursements that Mr. Stirling are far in excess of the $15,000 payment due pursuant to the Final Judgment and that only a fraction of those fees and disbursements have been paid. According to Mr. Stirling, the remaining fees and disbursements have not been paid because he does not have the financial wherewithal to pay them.

      9.      Mr. Stirling has few assets, and apparently, none with any substantial net value. During discovery in this matter, Mr. Stirling supplied Plaintiffs with a financial statement showing a negative net worth as of October 30, 2007 of over $120,000. A copy of that disclosure is attached to my Declaration.

      10.      Plaintiffs knew of Mr. Stirling's financial condition at the time Plaintiff and Mr. Stirling negotiated and then signed the Final Judgment (consenting thereto).

      11.      Accordingly, and on Mr. Stirling's behalf, I respectfully request that this Court take no further action with respect to the motion, including and especially the portion of it that requests an order adjudging Mr. Stirling in contempt of the Court and an award of attorneys' fees and costs in connection with the motion.

      12.      In the event that the Court is unwilling to accept my Declaration as adequate support for the Mr. Stirling's position that he should not be held in contempt for failing to abide by the Final Judgment or held liable for Plaintiffs' attorneys fees, then we respectfully request that Mr. Stirling be given an opportunity to testify in person as to his current financial condition.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

      Executed on April 23, 2008

                                              s/*Christ Gaetanos*
                                              _____
                                                 Christ Gaetanos