```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

PEARSON EDUCATION, INC.,            :
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING INC. AND           :
THE MCGRAW-HILL COMPANIES, INC.,
                                    :
              Plaintiffs,
                                    :
         -against-                        07 Civ. 7890 (PKC)
                                    :
MATTHEW STIRLING D/B/A
THETEXTBOOKGUY.COM                  :
AND JOHN DOES NOS. 1-5,
                                    :
              Defendants.
                                    :
- - - - - - - - - - - - - - - - - -x
```

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO ENFORCE THE FINAL JUDGMENT AND ADJUDGE DEFENDANT IN CONTEMPT

Plaintiffs Pearson Education, Inc., John Wiley & Sons, Inc., Cengage Learning Inc., and The McGraw-Hill Companies, Inc. respectfully submit this reply memorandum of law.

In opposition to plaintiffs' motion, defendant has not submitted his own declaration. Instead, defendant has offered the declaration of his attorney, Christ Gaetanos, Esq. Mr. Gaetanos has offered no defense to the portion of plaintiffs' motion that seeks to enforce the Final Judgment by accelerating the remaining $51,000 due under it. The Court should therefore enter an order making the remaining $51,000 immediately due.

The only opposition that Mr. Gaetanos offers to plaintiffs' motion to adjudge defendant in contempt is that defendant does not "have the present ability to comply with the Court's [Final Judgment] in any meaningful sense. [Citation omitted]" (¶ 6)

Putting aside the fact that Mr. Gaetanos has no personal knowledge of the defendant's financial condition, his declaration lacks the detail required to establish that the defendant is unable to comply with the terms of the Final Judgment, to which he consented on or about February 23, 2008. <u>The Spectacular Venture, L.P. v. World Star International, Inc.</u>, 927 F. Supp. 683, 685 (S.D.N.Y. 1996)("The burden of showing inability, however, is on the contemnor. [citation omitted]  Here, despite repeated opportunities afforded him by the Court, Reynolds has made no effort, apart from a few broad generalities, to demonstrate that he and the defendant are unable to make the payments at issue.")

Indeed, defendant has failed to offer any evidence, or any legitimate argument, that his financial condition changed unexpectedly since February 23, 2008.  The only argument that Mr. Gaetanos makes concerning a change in defendant's financial condition since February 23, 2008, is that defendant could not sell certain books. (¶ 7)  The Final Judgment at page 5, however, required defendant to turn over those books to plaintiffs. Nothing unexpected occurred.

Accordingly, the inference that defendant does not want to comply with the Final Judgment appears unmistakable.

Dated:  New York, New York
        April 25, 2008

                            DUNNEGAN LLC

                            By_____
                              William Dunnegan (WD9316)
                              Megan L. Martin (MM4396)
                            Attorneys for Plaintiffs
                              Pearson Education, Inc.,
                              John Wiley & Sons, Inc.,
                              Cengage Learning Inc., and
                              The McGraw Hill Companies, Inc.
                            350 Fifth Avenue
                            New York, New York 10118
                            (212) 332-8300