```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

PEARSON EDUCATION, INC.,           :
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING INC. AND          :
THE MCGRAW-HILL COMPANIES, INC.,
                                   :
              Plaintiffs,
                                   :
      -against-                         07 Civ. 7890 (PKC)
                                   :
THE TEXTBOOK GUY LLC
D/B/A THETEXTBOOKGUY.COM,          :
MATTHEW STIRLING AND
JOHN DOES NOS. 1-5,                :

              Defendants.          :

- - - - - - - - - - - - - - - - - x
```

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO ENFORCE THE FINAL JUDGMENT AND ADJUDGE DEFENDANT THE TEXTBOOK GUY LLC IN CONTEMPT

Plaintiffs Pearson Education, Inc., John Wiley & Sons, Inc., Cengage Learning Inc., and The McGraw-Hill Companies, Inc. respectfully submit this memorandum of law in support of their motion to (i) enforce the final judgment and permanent injunction by consent entered March 5, 2008 ("Final Judgment"), and (ii) adjudge defendant The Textbook Guy LLC ("TTG") in contempt for failing to make the $15,000 payment due on April 1, 2008.

### Statement of Facts

The Final Judgment required TTG to pay plaintiffs $15,000 by April 1, 2008.  TTG failed to make that payment.  On April 2, 2008, plaintiffs' counsel sent Matthew Stirling

("Stirling"), the sole member of TTG, and his attorney a letter demanding payment within 10 business days. TTG again failed to make the payment within those 10 business days. On April 16, 2007, plaintiffs' counsel sent a letter accelerating the amounts due and demanding payment of the remaining $51,000 due under the Final Judgment.

Plaintiffs obtained an order to show cause from this Court on April 18, 2008 directing Stirling to Show Cause on April 29, 2008, why an order should not be entered enforcing the Final Judgment and adjudging him in contempt. However, on April 25, 2008, Stirling filed for bankruptcy in the United States Bankruptcy Court for the District of Arizona.

Since Stirling has filed for bankruptcy, TTG has received a $38,000 check from The Hartford Insurance Company ("Hartford") in partial satisfaction of its obligations under an insurance policy covering the claims in this action. Hartford apparently issued this check on the condition that TTG use it in its entirety to pay down the Final Judgment. Despite its obligation to pay all amounts due under the Final Judgment, TTG has nevertheless withheld payment of the check to plaintiffs until plaintiffs (i) release defendants from all obligations under the Final Judgment, and (ii) pay an attorney $5,000 for negotiating with Hartford.

Believing that an agreement, in the form of the Final Judgment, should not represent just another stage in the negotiation, plaintiffs have declined to do that.

Argument

I.

THE COURT SHOULD ENFORCE THE FINAL JUDGMENT

This Court has the authority to enforce the final judgment and permanent injunction entered March 5, 2008. In the final paragraph of the Final Judgment, the Court retained jurisdiction to do that.

In these circumstance, there can be no reasonable dispute that TTG has failed to meet its obligations under the Final Judgment and the Court should compel it to pay the remaining $51,000 due under it, plus interest and plaintiffs' additional attorneys' fees. <u>The Spectacular Venture, L.P. v. World Star International, Inc.</u>, 927 F. Supp. 683 (S.D.N.Y. 1996). Plaintiffs have incurred attorney's fees of over $10,000 in connection with enforcing the Final Judgment. The Court should fix the amount of these fees, which continue to accrue, at the conclusion of the present application.

II.

THE COURT SHOULD ADJUDGE TPG IN CONTEMPT OF
THE FINAL JUDGMENT AND IMPOSE COERCIVE SANCTIONS

The Court also has the authority to adjudge TTG in contempt and to impose coercive sanctions upon it. <u>Eros Entertainment, Inc. v. Melody Spot, LLC</u>, 2005 U.S. Dist. LEXIS 43227 (S.D.N.Y. October 11, 2005)("There are three essential elements which must be established before a party can be held in civil contempt: 1) the order must be 'clear and unambiguous,' [citations omitted] 2) the proof of non-compliance must be 'clear and convincing,' [citations omitted] and 3) the contemnor has not 'been reasonably diligent and energetic in attempting to accomplish what was ordered.'")

After plaintiffs demonstrate non-compliance with the Final Judgment, TTG bears the heavy burden of demonstrating that he lacks the ability to comply with it. <u>Donovan v. Sovereign Security, Ltd.</u>, 726 F.2d 55 (1983)("Inability to comply is, of course, a 'long-recognized defense to a civil contempt citation,' . . ., but the burden is on defendants to demonstrate their claimed inability 'plainly and unmistakably.'")

TTG, however, has a $38,000 check, or at least the proceeds of it, available to partially satisfy the judgment, but it is contumaciously holding that check hostage to attempt to negotiate more favorable terms.

4

## Conclusion

For the reasons set forth above, plaintiffs respectfully request that the Court grant their motion.

Dated:  New York, New York
        June 4, 2008

                              DUNNEGAN LLC

                              By *William Dunnegan*
                                 William Dunnegan (WD9316)
                                 Nikitas E. Nicolakis (NN1325)
                              Attorneys for Plaintiffs
                                 Pearson Education, Inc.,
                                 John Wiley & Sons, Inc.,
                                 Cengage Learning Inc. and
                                 The McGraw Hill Companies, Inc.
                              350 Fifth Avenue
                              New York, New York 10118
                              (212) 332-8300