## William Dunnegan

| | |
|---|---|
| **From:** | Christ Gaetanos [cgaetanos@att.net] |
| **Sent:** | Friday, May 23, 2008 10:13 AM |
| **To:** | William Dunnegan |
| **Subject:** | Stirling |
| **Importance:** | High |

Bill:

     As previously noted, the insurer has agreed to pay half of the damages plus defense costs. The damages were $76K (future value); therefore, the insurer agreed to pay $38K. Coverage counsel is Richard Galbo. He charged $5,000 to contest the original denial of coverage, contingent on recovery. Some time ago, we (my firm) agreed to accept the overwhelming portion of our fee – the part we submitted to the insurer, outside of the small retainer we took early in the case - on the same basis. The insurer paid most of our requested fee, but not all of it.

     The insurer initially denied coverage on two bases: (a) late notice; and (b) the activities giving rise to liability were not contemplated by the policy. Both had merit, especially the latter. You and I discussed coverage several times before our respective clients reached agreement on a settlement, and at least one time afterwards. The insurer raised, among many other things, the fact the complaint does not allege advertising as either a direct infringement or a cause of such infringement. The matter was complicated still further because there was no such insurance for previous periods, the insurance in question was canceled shortly after Pearson sued, the insurer had highly relevant concerns about the time of the allegedly infringing sales and the manner in which they were made, etc. Mr. Galbo told me that his discussions w/the insurer bordered on the acrimonious. Under all the circumstances, both Mr. Galbo and I recommended the insurer's offer to our mutual client. The client accepted the offer, and instructed us accordingly.

     I am reluctant in general to set deadlines, but given the bankruptcy issues, we are hemmed in on time. If your client does not accept the offer, I expect the trustee to reclaim the $25K paid in March as a preference item. Under the circumstances, if we have not reached some understanding by 5:00 p.m. on 5/27, I will assume that the offer is rejected. In any case, if your clients do not accept by that date/time, this offer will be deemed w/drawn, w/out need for further notification.

     I expect to be working most of this weekend and Monday, so feel free to call.

C.

\*\*\*\*\*\*\*\*\*
**Christ Gaetanos**
**Amigone, Sanchez, Mattrey & Marshall, LLP**
**1300 Main Place Tower**
**Buffalo, New York 14202**
**716-852-1300 (O)**
       **1344 (F)**
    **870-1366 (C)**

CIRCULAR 230 NOTICE: Any tax advice contained herein (including in any attachments) is not intended to be used, and cannot be used, to (i) avoid penalties that may be imposed on a taxpayer or (ii) to promote, market or recommend any tax-related matter.

CONFIDENTIALITY NOTICE: This electronic mail transmission may contain confidential information, which belongs to the sender and which may be protected by the attorney-client or other legal privilege or right. If you are not an intended recipient, you are hereby notified that any copying, disclosure, distribution or the taking of any action

in reliance on the contents of this information is strictly prohibited.  If you have received this transmission in error, please notify me immediately at cgaetanos@att.net or cgaetanos@amigonesanchez.com and delete the original message.  Thank you.