```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

PEARSON EDUCATION, INC.,              :
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING INC. AND             :
THE MCGRAW-HILL COMPANIES, INC.,
                                      :
                Plaintiffs,
                                      :
        -against-                            07 Civ. 7890 (PKC)
                                      :
THE TEXTBOOK GUY LLC,
D/B/A MATTHEW STIRLING                :
AND JOHN DOES NOS. 1-5,
                                      :
                Defendants.
                                      :
- - - - - - - - - - - - - - - - - -x
```

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION TO ADJUDGE DEFENDANT
THE TEXTBOOK GUY LLC IN CONTEMPT

Plaintiffs respectfully submit this supplemental memorandum of law pursuant to the Court's order to show cause dated June 4, 2008 to provide the legal authority for the imposition of contempt sanctions in a civil action for failing to obey an order to make monetary payments.

In the following civil cases, the court imposed contempt sanctions on a party for failing to make a court ordered monetary payment.

- Huber v. Marine Midland Bank, 51 F.3d 5, 11 (2d Cir. 1995)("In sum, the district court on remand found

that Huber's assertions that he was unable to pay were incredible and that, in light of his demonstrated ability to, <u>inter alia</u>, finance his post-February 1994 litigation, Huber had the ability to pay the fines and had not carried his burden of proving his inability to pay. The court's findings are sufficiently clear, are adequately supported by the evidence, and are not clearly erroneous. In light of the facts found by the district court, we conclude that its decision to impose sanctions was not an abuse of discretion.")

- <u>United States SEC v. Universal Express, Inc.</u>, 2008 U.S. Dist. LEXIS 32081, *29 (S.D.N.Y. Apr. 18, 2008)("Because Altomare has been given every opportunity to comply, and has chosen not to do so, he will be incarcerated until he pays the disgorgement and prejudgment interest in full. . . . Imposing escalating fines on a defendant who has brazenly refused to pay an already large judgment would be an empty gesture. Only the most powerful coercive sanction offers any prospect of producing compliance.")

- <u>Mingoia v. Am. Lath & Plaster Co.</u>, 2005 U.S. Dist. LEXIS 28165, *12 (S.D.N.Y. Nov. 15, 2005)("[T]he

plaintiffs' motion to hold the defendants in contempt is granted, and judgment shall be entered in favor of plaintiffs and against the defendants, jointly and severally, in the amount of $10,000.  Of course, the defendants also remain obligated to make all payments required under the Order.")

- SEC v. Bremont, 2003 U.S. Dist. LEXIS 10279, *18-21 (S.D.N.Y. 2003)("Here, the Final Judgment unambiguously required Bremont to disgorge $1,061,520.00 in illicit profits and to pay $244,417.21 in prejudgment interest within 90 business days. . . .  Bremont should be incarcerated.  Bremont's continuing refusal to satisfy the Final Judgment undermines the deterrent effect of the Commission's enforcement actions as well as the enforcement powers of the Court.  No other sanction will coerce Bremont to comply.")

- The Spectacular Venture, L.P. v. World Star International, Inc., 927 F. Supp. 683, 686 (S.D.N.Y. 1996)("(b) Defendants shall pay to plaintiff forthwith the sum of $9,000 on account of the defaulted February 28, 1996 installment together with interest thereon at the rate of 9%, retroactive to February 28, 1996. . . .

(d) Effective today, the amount of the coercive fine imposed upon Reynolds for this and the previous contempt shall increase to the sum of $500 for each day defendant fails to comply with its obligations under the judgment and the subsequent orders of the Court.")

## Conclusion

For the reasons set forth above, plaintiffs respectfully request that the Court grant their motion.

Dated:  New York, New York
        June 9, 2008

                                    DUNNEGAN LLC

                                    By *William Dunnegan*
                                       William Dunnegan (WD9316)
                                       Nikitas E. Nicolakis (NN1325)
                                    Attorneys for Plaintiffs
                                       Pearson Education, Inc.
                                       John Wiley & Sons, Inc.
                                       Cengage Learning Inc.
                                       The McGraw Hill Companies, Inc.
                                    350 Fifth Avenue
                                    New York, New York 10118
                                    (212) 332-8300

4