Westlaw.

944 F.2d 109
944 F.2d 109
**(Cite as: 944 F.2d 109)**

FOR EDUCATIONAL USE ONLY

Page 1

Marino v. New York Telephone Co.
C.A.2 (N.Y.),1991.

United States Court of Appeals,Second Circuit.
Christopher MARINO, Plaintiff,
v.
NEW YORK TELEPHONE COMPANY; Demour Construction Company; Jamco Construction Company, and Romal Iron Works, Inc., Defendants.
NEW YORK TELEPHONE COMPANY and Demour Construction Company,
Third-Party-Plaintiffs,
v.
EMPIRE ERECTING CORP.; Romal Iron Works, Inc., and Jamco Construction Company,
Third-Party-Defendants.
DEMOUR CONSTRUCTION COMPANY,
Second-Third-Party-Plaintiff-Appellee,
v.
PEERLESS INSURANCE COMPANY,
Second-Third-Party-Defendant-Appellant.
NEW YORK TELEPHONE COMPANY and Demour Construction Company,
Fourth-Party-Plaintiffs,
v.
ELECTRICAL MOTORS CORP.,
Fourth-Party-Defendant.
No. 1622, Docket 91-7150.

Argued June 20, 1991.
Decided Sept. 17, 1991.

The United States District Court for the Southern District of New York, Peter K. Leisure, J., granted a declaratory judgment in favor of a general contractor requiring that a subcontractor's insurer would be obligated to indemnify the contractor or to provide contribution for any portion of a judgment in favor of the plaintiff in an underlying personal injury action, and the insurer appealed. The Court of Appeals, Meskill, Circuit Judge, held that New York statute setting forth procedures to be followed in disclaiming liability under liability policy delivered or issued for delivery in New York did not apply in an insurance dispute involving a policy which was not delivered or issued for delivery in New York, notwithstanding fact that parties stipulated to application of New York law.

Vacated and remanded.

West Headnotes

[1] Insurance 217 ⟶2098

217 Insurance
    217XV Coverage--in General
        217k2096 Risks Covered and Exclusions
            217k2098 k. Exclusions and Limitations in General. Most Cited Cases
    (Formerly 217k146.5(4))
In New York, when an insurer seeks to disclaim liability through an exclusion clause in policy the insurer must prove that insured clearly is not covered by the policy.

[2] Insurance 217 ⟶1091(4)

217 Insurance
    217III What Law Governs
        217III(A) Choice of Law
            217k1086 Choice of Law Rules
                217k1091 Particular Applications of Rules
                    217k1091(3) Liability Insurance
                        217k1091(4) k. In General. Most Cited Cases
    (Formerly 217k125(2))
New York statute setting forth procedures to be followed in disclaiming liability under liability policy delivered or issued for delivery in New York did not apply in an insurance dispute involving a policy which was not delivered or issued for delivery in New York, notwithstanding fact that parties stipulated to application of New York law. N.Y.McKinney's Insurance Law § 3420(d).

*110 John A. Ziegler, Buffalo, N.Y. (Lustig & Brown, of counsel), for second-third-party-defendant-appellant.
Lewis I. Wolf, New York City (Smith Mazure Director & Wilkins, of counsel), for second-third-party-plaintiff-appellee.

Before MESKILL, KEARSE and McLAUGHLIN, Circuit Judges.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

944 F.2d 109
944 F.2d 109
(Cite as: 944 F.2d 109)

FOR EDUCATIONAL USE ONLY

Page 2

MESKILL, Circuit Judge:
This appeal requires us to examine a disclaimer of liability and denial of insurance coverage based on the failure of an insured to report timely the accident giving rise to the personal injury claim involved.

This is an appeal from a judgment of the United States District Court for the Southern District of New York, Leisure, J., granting a declaratory judgment in favor of Demour Construction Co. (Demour), the general contractor at the scene of the construction accident underlying this appeal. The district court declared that appellant Peerless Insurance Co. (Peerless) would be obligated to indemnify Demour or to provide contribution for any portion of a judgment in favor of the plaintiff in the underlying personal injury action. According to the declaratory judgment, Peerless would be liable to the limits of its policy of insurance issued to Annette Duhamel d/b/a Jamco Construction Co. (Jamco), one of several subcontractors working at the construction site at the time of the accident. The declaratory judgment action was prompted by Peerless' disclaimer of liability. Peerless asserted it did not receive timely notice of the accident from its insured, Jamco, or from any other party or any claimant and therefore was not liable under the notice requirements of the policy. This assertion was rejected by the district court. In granting the declaratory judgment, the court applied New York Insurance Law § 3420(d). The district court concluded that while Peerless' disclaimer of liability for lack of notice was effective as to the insured, Jamco, it was not effective as to any claimant. Because we conclude that New York Insurance Law § 3420(d) is not applicable to the instant action, we vacate the declaratory judgment and remand this action to the district court for further proceedings.

BACKGROUND

New York Telephone Company wished to make alterations to its building in New York City. Demour was retained as the general contractor. Demour subcontracted the erection of the steel to Romal Iron Works, Inc. (Romal) and Empire Erecting Corp. (Empire). Romal, while providing the steel for the project, chose to subcontract the actual steel erection to Jamco; Jamco, in turn, subcontracted the welding of the steel to Marino Welding. Prior to commencing work Jamco provided Romal with a certificate of insurance indicating that Peerless, a New Hampshire corporation, was Jamco's general liability insurer.

The Peerless policy covered the period February 12, 1988 to February 12, 1989 and provided liability coverage of $500,000 per occurrence. Jamco also maintained an *111 excess policy with Peerless providing an additional $1 million in coverage. The excess policy is not part of the record on appeal. Peerless issued the primary policy through a New Hampshire agent located near Jamco's office in Nashua, New Hampshire. That policy included, as a precondition to coverage, a notice provision that stated, in pertinent part:

2. Duties in the Event of Occurrence, Claim or Suit

a. You must see to it that we are notified promptly of an "occurrence" which may result in a claim. Notice should include:

(1) How, when and where the "occurrence" took place; and

(2) The names and addresses of any injured persons and witnesses.

b. If a claim or "suit" is brought against any insured, you must see to it that we receive prompt written notice of the claim or "suit".

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit."

On March 24, 1988 Christopher Marino, principal of Marino Welding, was injured in a fall from the roof at the construction site. At the time of the accident employees of Jamco, Marino Welding, Romal and others were present on the roof of the New York Telephone building. Demour and an officer of Empire were present at the site. Robert Thomas Jamison, field manager for Jamco, was on the site and witnessed the accident. Jamison advised Annette Duhamel, owner of Jamco, of the accident on that same day. Jamco employees left the work site on the day of the accident and never returned.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Immediately after the Marino accident Jamco ceased operating out of its offices in Nashua, New Hampshire. Duhamel and Jamison wound up Jamco business from their mutual residence located on Harbor Avenue in Nashua. Subsequently, on August 23, 1989, Annette Duhamel filed a petition in bankruptcy in New Hampshire bankruptcy court.

Marino filed suit in United States District Court for the Southern District of New York in August 1988 naming as defendants New York Telephone, Demour, Romal and Jamco. Only New York Telephone and Demour were served. New York Telephone and Demour filed a third-party complaint against Romal, Empire and Jamco. Jamison, on behalf of Jamco, was not served with the summons and complaint until May 1989.

In mid-August 1989 Jamison appeared for a deposition on another matter. At the deposition he met Michael Fitzgerald, a Peerless employee. Jamison informed Fitzgerald of the Marino accident in 1988 and stated that he had received legal papers in reference to the action. Fitzgerald told Jamison to forward all papers to Peerless. This was the first notice that Peerless had of the Marino accident.

On September 5, 1989 Peerless received from Jamison various pleadings relating to the Marino action that had been served on Jamco. Peerless opened a file on the claim, retained Insurance Adjustment Service, Inc. (IAS) to investigate the claim, and retained the law firm of Gladstein & Isaac to represent Jamco on the Marino claim and interpose an answer on Jamco's behalf. Peerless forwarded to Duhamel and Jamison a letter reserving its rights and explaining Jamco's duty to provide written notice and Peerless' investigation into Jamco's coverage based on Jamco's failure to provide timely notice of the accident.

The investigation of the Marino accident and Jamco's coverage with respect to the accident was assigned to Beth O'Neill Burbank, an IAS employee. After repeated unsuccessful attempts to contact Jamison by telephone or by visits to the residence at Harbor Avenue, Burbank succeeded in getting signed statements from Jamison referring to the accident and the failure to provide notice to Peerless.

On December 11, 1989 Peerless disclaimed liability and denied coverage to Jamco for the Marino action in a letter sent by certified mail. Copies of the disclaimer *112 were sent to counsel for all parties in the personal injury action as named in the pleadings. The letter stated, in pertinent part:

This company therefore, will afford you no coverage with respect to the aforesaid claim or other claims in actions arising out of this occurrence.

Please take notice that this company disclaims all liability under the above-mentioned policy by reason of your failure to promptly report this accident to us pursuant to the terms of your policy and this company will not defend you nor pay any claims and/or judgments, costs or other expenses which may be awarded against you with regard to such claims and/or actions.

At no time had any party to the action other than Jamco given notice to Peerless of the accident or any claims against Jamco.

Demour obtained permission to implead Peerless in the personal injury action, and filed a summons and complaint on March 8, 1989. Demour sought a declaration that Peerless would be liable for any judgment obtained against Jamco. It was agreed that all parties to the underlying litigation would be parties to the declaratory judgment action. The parties, except Peerless, also agreed to stipulate that Duhamel would not be held personally liable for the debts of Jamco. Finally, the parties waived their right to a jury trial, agreed that New York law applied to the declaratory judgment action, and consented to proceed before a magistrate pursuant to 28 U.S.C. § 636(c).

The declaratory judgment action, which was assigned to Judge Leisure, was referred to Magistrate Judge Lee. The action was heard on August 22 and 23, 1990. Magistrate Judge Lee made extensive findings of fact and conclusions of law based on the application of N.Y.Ins.Law § 3420(d) in her opinion and order handed down January 9, 1991. The magistrate judge concluded that Peerless was not obligated to Jamco under the policy; the disclaimer was effective against Jamco because Jamco's delay was unreasonable and the disclaimer was timely. Among the magistrate judge's other conclusions, however, were the following: (1) Peerless' disclaimer was not effective as to Demour pursuant to N.Y.Ins.Law § 3420(d) because Peerless failed to state in its disclaimer that it

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

was disclaiming liability as to claims by any claimant for the claimant's failure to provide timely notice of the claim, and (2) the disclaimer was not effective as to Peerless' excess insurance policy for the same reasons.

Peerless filed a notice of appeal contending that section 3420(d) is not applicable to the Peerless policy issued to Jamco. Peerless urges that even if section 3420(d) does apply to the Peerless policy, the disclaimer issued by Peerless was effective as to all claimants on both the primary and excess policies.

## DISCUSSION

It is undisputed that Peerless disclaimed liability with respect to the Jamco policy. The central issue on appeal is the effect of that disclaimer. Peerless' disclaimer was made pursuant to the provisions of the insurance policy that permitted disclaimer for lack of notice. To be effective, however, Peerless' disclaimer must also comply with New York law.

[1] In New York, when an insurer seeks to disclaim liability through an exclusion clause in the policy the insurer must prove that the insured clearly is not covered by the policy. See *Ogden Corp. v. Travelers Indem. Co.*, 739 F.Supp. 796, 798 (S.D.N.Y.1989), aff'd, 924 F.2d 39 (2d Cir.1991) (citing *Technicon Electronics Corp. v. American Home Assur. Co.*, 74 N.Y.2d 66, 74, 544 N.Y.S.2d 531, 533, 542 N.E.2d 1048, 1052 (1989)). Any ambiguities are to be resolved in favor of the insured. See *Ogden*, 739 F.Supp. at 798 (citing *George Muhlstock & Co. v. American Home Assur. Co.*, 117 A.D.2d 117, 122, 502 N.Y.S.2d 174, 178 (1st Dep't 1986)).

In the instant action the notice requirements are clearly set forth in the policy-"[The insured] must see to it that we [Peerless] are notified promptly of an 'occurrence'*113 which may result in a claim." Here it is conceded that Jamco did not provide notice to Peerless until seventeen months after the Marino accident. The district court's conclusion that Jamco failed to provide timely notice is not clearly erroneous, contrary to the arguments Demour puts forth in its appellate brief.

[2] In determining the effects of the disclaimer, it is necessary to apply New York law. The district court turned to N.Y.Ins.Law § 3420(d). Section 3420 is a general liability insurance provision that sets forth standard policy provisions and the rights of injured persons. Section 3420(d) sets forth the requirements that must be followed in order for an insurer to disclaim successfully liability under an insurance policy. It states:

(d) If under a liability policy *delivered or issued for delivery in this state,* an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.

N.Y.Ins.Law § 3420(d) (McKinney 1991) (emphasis added). After reviewing this provision and the case law relating to the effect on claimants of notice of disclaimer to the insured, the magistrate judge concluded that Peerless' disclaimer was ineffective as to any claimants. This was error. It goes without saying that the requirements of section 3420(d) are controlling only if the statute applies to the instant action.

Section 3420(d) states quite clearly that there are certain procedures to be followed in disclaiming liability "under a liability policy delivered or issued for delivery in this state." The record is clear that the Jamco policy was neither delivered nor issued for delivery in New York.

The record reveals that the policy was issued by Peerless, a New Hampshire corporation, through an insurance agent in Manchester, New Hampshire, to a Nashua, New Hampshire corporation, Jamco. Furthermore, the insurance was for a term of one year, covering the period February 1988 through February 1989; it was not a policy specific to the New York Telephone building contract or other work in New York.

A certificate of insurance was issued by Peerless to prove that Jamco did, indeed, have insurance, and that certificate was issued to a New York corporation, Romal. The certificate, however, is not an insurance policy, it is merely evidence of Jamco's insured status. The certificate states on its face:

This certificate is issued as a matter of information

only and confers no right upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies listed below.

....

This is to certify that policies of insurance listed below have been issued to the insured named above for the policy period indicated. Notwithstanding any requirement, term or condition of any contract or other document with respect to which this certificate may be issued or may pertain, the insurance afforded by the policies described herein is subject to all the terms, exclusions and conditions of such policies.

The certificate does not purport to alter the rights of the parties and, in fact, does not do so. Thus, there is no evidence that the policy was delivered or issued for delivery in New York. As a result, section 3420(d) does not apply to the instant action. Peerless never made this argument before the magistrate judge. Therefore, it is not surprising that the magistrate judge did not reach the conclusion we reach. Nevertheless, the misapplication of a statute is a clear error of law and one that we feel compelled to recognize.

This holding is consistent with the New York Court of Appeals' interpretation of other provisions in section 3420. In *In re Arbitration between Sentry Ins. Co. & Amsel*, 36 N.Y.2d 291, 367 N.Y.S.2d 480, 327 N.E.2d 635 (1975), the New York Court *114 of Appeals interpreted section 3420(f)(1), previously codified at N.Y.Ins.Law § 167(2-a), which requires an uninsured motorist clause in insurance policies relating to injuries caused by accidents "in this state." The court held that section 3420(f)(1) does not apply to accidents occurring outside of New York. *Sentry Ins.*, 36 N.Y.2d at 295, 367 N.Y.S.2d at 483, 327 N.E.2d at 637.

More closely related to the instant action is the Appellate Division, First Department's interpretation of section 3420(d). In a concurring memorandum to the Memorandum Decision in *Bellefonte Re-Ins. Co. v. Volkswagenwerk AG*, 102 A.D.2d 753, 754, 476 N.Y.S.2d 890, 891 (1st Dep't 1984), Judge Silverman wrote that N.Y.Ins.Law § 167(8), now codified at § 3420(d), does not apply to accidents occurring outside New York. *Id.* at 755-56, 476 N.Y.S.2d at 893 (citing *Grening v. Empire Mut. Ins. Co.*, 101 A.D.2d 550, 552, 475 N.Y.S.2d 423, 425 (1st Dep't 1984)). While some courts have applied section 3420(d) to accidents occurring outside New York when the policy was issued in New York and there existed very strong connections to New York, *see Newman v. Ketani*, 54 A.D.2d 926, 928, 388 N.Y.S.2d 128, 130 (2d Dep't 1976); *Kasson & Keller, Inc. v. Centennial Ins. Co.*, 79 Misc.2d 450, 454, 359 N.Y.S.2d 760, 764 (Sup.Ct., Montgomery County 1974), that particular issue has not been addressed by the New York Court of Appeals. Section 3420(d) is clearly limited in application to policies delivered or issued for delivery in New York. We see no reason to expand section 3420(d) beyond its terms in the instant case.

Demour claims that because Peerless stipulated that New York law governed this case, section 3420(d) is correctly applied. Demour's argument is unpersuasive. The application of New York law does not mean that every New York statute, no matter how inappropriate or unrelated and regardless of its terms, should be applied. Such an interpretation of Peerless' stipulation would be required to give merit to Demour's claim. As noted above, section 3420(d), *by its very terms*, does not apply to the instant action, nor is there any other basis for its application here. It is a matter of common sense that when the parties stipulated to the application of New York law they agreed to the application of the appropriate New York laws. The appropriate law in the instant action clearly does not include section 3420(d). "In the absence of statute, the validity of the notice of disclaimer is governed by common law rules, which would require 'showing waiver or estoppel, the latter necessarily requiring prejudice.' " *Bellefonte*, 102 A.D.2d at 756, 476 N.Y.S.2d at 893-94 (quoting *Allstate Ins. Co. v. Gross*, 27 N.Y.2d 263, 269, 317 N.Y.S.2d 309, 313, 265 N.E.2d 736, 739 (1970)). Thus, absent an applicable and appropriate statute, New York common law should be applied.

In sum, New York Insurance Law section 3420(d) does not apply to the policy issued by Peerless to Jamco. We reach no conclusion with respect to the excess policy other than that section 3420(d) is inapplicable to the excess policy as well as the primary policy. The judgment of the district court is, therefore, vacated. This action is remanded to the district court for reconsideration of this matter in light of this opinion.

C.A.2 (N.Y.),1991.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Marino v. New York Telephone Co.
944 F.2d 109

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

AUTHORIZED FOR EDUCATIONAL USE ONLY

Date of Printing: JUN 03,2008

## KEYCITE

Marino v. New York Telephone Co., 944 F.2d 109 (2nd Cir.(N.Y.), Sep 17, 1991) (NO. 1622, 91-7150)

### History

### Direct History

    1 New York Telephone Co. v. Empire Erecting Corp., 1991 WL 3235 (S.D.N.Y. Jan 09, 1991) (NO. 88 CIV. 5817 (PKL))

        *Judgment Vacated by*

=>    2 **Marino v. New York Telephone Co.,** 944 F.2d 109 (2nd Cir.(N.Y.) Sep 17, 1991) (NO. 1622, 91-7150)

        *On Remand to*

    3 Marino v. New York Telephone Co., 1992 WL 212184 (S.D.N.Y. Aug 24, 1992) (NO. 88 CIV. 5817 (PKL))

### Court Documents

### Dockets (U.S.A.)

S.D.N.Y.

    4 MARINO v. NEW YORK TELEPHONE C, NO. 1:88cv05817 (Docket) (S.D.N.Y. Aug. 19, 1988)

### Citing References

### Positive Cases (U.S.A.)

★★   Cited

    5 Booking v. General Star Management Co., 254 F.3d 414, 419+ (2nd Cir.(N.Y.) Jun 20, 2001) (NO. 00-9392) " **HN: 2 (F.2d)**

    6 Village of Sylvan Beach, N.Y. v. Travelers Indem. Co., 55 F.3d 114, 115 (2nd Cir.(N.Y.) May 24, 1995) (NO. 94-7869, 1402) **HN: 1 (F.2d)**

    7 In re Bank of Louisiana/Kenwin Shops Inc., 1999 WL 1072542, *5 (E.D.La. Nov 24, 1999) (NO. CIV. A. 97 MDL 1193) **HN: 1 (F.2d)**

    8 American Intern. Speciality Lines Ins. Co. v. National Ass'n of Business Owners and Professionals, 324 F.Supp.2d 353, 358 (E.D.N.Y. Jun 29, 2004) (NO. 99 CV 1108(ADS)(ARL)) **HN: 1 (F.2d)**

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.

AUTHORIZED FOR EDUCATIONAL USE ONLY

9 U.S. Underwriters Ins. Co. v. Southern Boulevard Gift Plus, Inc., 2000 WL 567019, *2 (S.D.N.Y. May 10, 2000) (NO. 97 CIV. 8028 NRB) **HN: 1 (F.2d)**

10 Schneider v. Canal Ins. Co., 1999 WL 689476, *9+ (E.D.N.Y. Sep 01, 1999) (NO. 98-CV-5368(JG)) " **HN: 1,2 (F.2d)**

11 Shorenstein v. Pacific Ins. Co., 1994 WL 86359, *1 (S.D.N.Y. Mar 17, 1994) (NO. 92 CIV. 6868 (MBM)) **HN: 2 (F.2d)**

12 Broadway Nat. Bank v. Progressive Cas. Ins. Co., 775 F.Supp. 123, 128 (S.D.N.Y. Oct 07, 1991) (NO. 90 CIV. 6953 (MBM)) " **HN: 1 (F.2d)**

13 In re Enron Corp. Securities, Derivative & ""ERISA"" Litigation, 2007 WL 789141, *7 (S.D.Tex. Mar 12, 2007) (NO. MDL-1446, CIV A H-01-3624, CIV A G-02-0299)

14 American Ref-Fuel Co. of Hempstead v. Employers Ins. Co. of Wausau, 705 N.Y.S.2d 67, 71+, 265 A.D.2d 49, 53+, 2000 N.Y. Slip Op. 02787, 02787+ (N.Y.A.D. 2 Dept. Mar 27, 2000) (NO. 1999-00681) **HN: 1,2 (F.2d)**

15 National Abatement Corp. v. National Union Fire Ins. Co. of Pittsburgh, PA, 2005 WL 6012109, *6012109+, 2005 N.Y. Slip Op. 30159(U), 30159(U)+ (Trial Order) (N.Y.Sup. Apr 13, 2005) (NO. 0603886/2002) " **HN: 1,2 (F.2d)**

☆ Mentioned

16 U.S. Liability Ins. Co. v. McKenzie, 1999 WL 169507, *1 (E.D.N.Y. Feb 01, 1999) (NO. 96 CV 3981) **HN: 1 (F.2d)**

17 Loretto-Utica Properties Corp. v. Douglas Co., 630 N.Y.S.2d 917, 918, 165 Misc.2d 1004, 1005 (N.Y.Sup. Aug 04, 1995) (NO. 95-1448, RJI 33-95-1196) **HN: 1 (F.2d)**

**Secondary Sources (U.S.A.)**

18 Couch on Insurance s 24:21, s 24:21. Generally (2008) **HN: 2 (F.2d)**

19 Law and Practice of Insurance Coverage Litigation s 9:18, s 9:18. Alternate rules--Intentions of insurer and insured (2007) **HN: 2 (F.2d)**

20 Scoles, Hay, Borchers and Symeonides Hornbook on Conflict of Laws s 17.IV, IV. Particular Tort Problems (2004)

21 CJS Insurance s 29, s 29. Effect of provisions of policy or application (2008) **HN: 2 (F.2d)**

22 NY Jur. 2d Insurance s 1838, s 1838. Where policy requires "prompt" or "immediate" notice or proof, or the like (2008) **HN: 1 (F.2d)**

23 BOOKING V. GENERAL STAR MANAGEMENT CO., 7/10/2001 N.Y. L.J. 24, col. 2, 24, col. 2+ (2001)

24 AMERICAN REF-FUEL CO. OF HEMPSTEAD, RESPONDENT-APPELLANT V. Employers Insurance Co. of Wausau, appellant-respondent, 4/4/2000 N.Y. L.J. 25, col. 3, 25, col. 3+ (2000)

25 INSURANCE LAW, 51 Syracuse L. Rev. 563, 672 (2001) **HN: 1,2 (F.2d)**

**Court Documents**

**Appellate Court Documents (U.S.A.)**

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.

AUTHORIZED FOR EDUCATIONAL USE ONLY

**Appellate Petitions, Motions and Filings**

26 AMERICAN HOME ASSURANCE COMPANY, Petitioner, v. REPUBLIC INSURANCE COMPANY and United National Insurance Company, Respondents., 1993 WL 13076847, *13076847+ (Appellate Petition, Motion and Filing) (U.S. Apr 22, 1993) **Petition** (NO. 92-1742) ✯ ✯ ✯ **HN: 1,2 (F.2d)**

**Appellate Briefs**

27 SENECA INSURANCE COMPANY, Plaintiff-Appellant, v. KEMPER INSURANCE COMPANY, Defendant-Appellee., 2004 WL 3758273, *3758273+ (Appellate Brief) (2nd Cir. Sep 13, 2004) **Brief for Plaintiff-Appellant** (NO. 04-3275-CV) ✯ ✯ **HN: 2 (F.2d)**

28 James GARAY and Michelle Garay, Plaintiffs-Appellants, v. NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Defendant-Appellee., 2004 WL 3545201, *3545201+ (Appellate Brief) (2nd Cir. Jun 29, 2004) **Appellants' Brief** (NO. 04-0453-CV) ✯

29 Eric R. ADAMS, Plaintiff-Appellee, v. CHICAGO INSURANCE COMPANY, Defendant-Appellant, Patricia E. Novak and Randolph P. Zicki, Defendants., 2002 WL 32443209, *32443209+ (Appellate Brief) (2nd Cir. Jun 17, 2002) **Brief for Plaintiff-Appellee** (NO. 02-7179) ✯ ✯ **HN: 1,2 (F.2d)**

30 Eric R. ADAMS, Plaintiff-Appellee, v. CHICAGO INSURANCE COMPANY, Defendant-Appellant, Patricia E. Novak and Randolph P. Zickl, Defendants., 2002 WL 32463408, *32463408+ (Appellate Brief) (2nd Cir. May 17, 2002) **Brief of Defendant-Appellant** (NO. 02-7179) ✯ ✯ **HN: 2 (F.2d)**

31 U.S. UNDERWRITERS INSURANCE COMPANY, Plaintiff-Counter-Defendant-Appellee, v. 614 CONSTRUCTION CORP., 626 Emmut Properties Ltd., Defendants-Counter-Claimants-Appellants, Emmut Properties Corp., Steadman Wilson, Defendants-Counter-Claimants., 2001 WL 34369128, *34369128+ (Appellate Brief) (2nd Cir. Oct 16, 2001) **Brief for Plaintiff-Counter-Defendant-Appellee** (NO. 01-7715) ✯ ✯ ✯ **HN: 1,2 (F.2d)**

32 Jane M. BOOKING, Plaintiff-Appellant, v. GENERAL STAR MANAGEMENT COMPANY and General Star Indemnity Company, Defendants-Appellees., 2001 WL 34113708, *34113708+ (Appellate Brief) (2nd Cir. Apr 25, 2001) **Brief for Defendants-Appellees General Star ...** (NO. 00-9392) ✯ ✯ ✯

33 Jane M. BOOKING, Plaintiff-Appellant, v. GENERAL STAR MANAGEMENT COMPANY and General Star Indemnity Company, Defendants-Appellees., 2001 WL 34113705, *34113705+ (Appellate Brief) (2nd Cir. Apr 02, 2001) **Brief for Defendants-Appellees General Star ...** (NO. 00-9392) ✯ ✯ ✯

34 HUGO BOSS FASHIONS, INC. & Hugo Boss USA, Inc., Plaintiff-Appellees Cross-Appellants, v. FEDERAL INSURANCE COMPANY, Defendant-Appellant Cross-Appellee., 2000 WL 33996149, *33996149+ (Appellate Brief) (2nd Cir. Dec 28, 2000) **Reply Brief of Plaintiff-Appellees ...** (NO. 00-7824(L)00-7884(XA) ✯ ✯

35 TLC BEATRICE INTERNATIONAL HOLDINGS, INC., Plaintiff, Loida N. Lewis and Leslie N. Lewis, not individually but as Executrix of the Estate of Reginald F. Lewis, Plaintiffs-Appellants, v. CIGNA INSURANCE CO., Defendant-Appellee., 2000 WL 33983240, *33983240+ (Appellate Brief) (2nd Cir. Jun 05, 2000) **Brief and Argument of Appellants Loida N. Lewis ...** (NO. 00-7411) ✯ ✯ **HN: 1,2 (F.2d)**

36 Theodore SCHNEIDER, Plaintiff-Appellant, v. CANAL INSURANCE COMPANY, Defendant-Appellee., 2000 WL 34003220, *34003220+ (Appellate Brief) (2nd Cir. Feb 18, 2000) **Brief of Defendant-Appellee** (NO. 99-9224) ✯ ✯ **HN: 1,2 (F.2d)**

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.

AUTHORIZED FOR EDUCATIONAL USE ONLY

37 MOUNT VERNON FIRE INSURANCE COMPANY, Plaintiff-Appellee, v. KING GENERAL CONSTRUCTION; Shermetta Neill; Mercury Paint Corp.; Exxon Corporation, Defendants, NEW YORK CITY HOUSING AUTHORITY, Defendant-Appellant., 1997 WL 33493044, *33493044+ (Appellate Brief) (2nd Cir. Nov 03, 1997) **Brief of Plaintiff-Appellee** (NO. 96-7301) ✯ ✯ **HN: 1 (F.2d)**

38 STONEWALL INSURANCE COMPANY, Plaintiff-Appellant/Cross-Appellee, v. ASBESTOS CLAIMS MANAGEMENT CORPORATION, Defendant-Appellee/Cross-Appellant, LIBERTY MUTUAL INSURANCE COMPANY, Underwriters at Lloyds, Continental Casualty Company, American Motorists Insurance Company, Affiliated FM Insurance Company, Republic Insurance Company, First State Insurance Company, United States Fire Insurance Company, Houston General, 1994 WL 16056987, *16056987+ (Appellate Brief) (2nd Cir. Dec 08, 1994) **Brief of Cross-Appellant/Appellee Asbestos Claims ...** (NO. 93-7314(L)) ✯ ✯ **HN: 1,2 (F.2d)**

39 WILLIAM CRAWFORD, INC., Plaintiff-Appellant, v. TRAVELERS INSURANCE COMPANY, Defendant-Appellee., 1994 WL 16181335, *16181335+ (Appellate Brief) (2nd Cir. Mar 14, 1994) **Brief for Defendant-Appellee Travelers Insurance ...** (NO. 94-7004) " ✯ ✯ **HN: 2 (F.2d)**

40 NATIONAL ABATEMENT CORP. and NAC Environmental Services, Corp., Plaintiffs-Appellants. v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, Defendant-Respondent., 2006 WL 4593068, *4593068+ (Appellate Brief) (N.Y.A.D. 1 Dept. Sep 01, 2006) **Brief for Defendant-Respondent** (NO. 9434) ✯ ✯

41 Juan Francisco CASTILLO, Plaintiff-Respondent, v. 20 EAST 74TH STREET, INC.; Insignia Residential; Larmar Chemists, Inc., d/b/a Clyde Chemists; Fred L. Sommer & Associates; Fred L. Sommer; Friedland Properties, Inc., Defendants, Riteway Internal Removal, Inc.; Paul Siskind & Associates; Paul Siskind, Defendants-Appellants., 2004 WL 5473856, *5473856+ (Appellate Brief) (N.Y.A.D. 1 Dept. 2004) **Brief of Defendants-Appellants Riteway Internal ...** (NO. 5123) ✯ ✯

42 CARRIAGE DEVELOPMENT, INC., Q.E.F. Limited Partnership, David Ecker and Alexander Neratoff, Plaintiffs-Appellants, v. U.S. UNDERWRITERS INSURANCE COMPANY, Defendant-Respondent., 2003 WL 25565186, *25565186+ (Appellate Brief) (N.Y.A.D. 1 Dept. Oct 29, 2003) **Brief for Defendant-Respondent** (NO. 2959) ✯ ✯ ✯

43 PAVARINI CONSTRUCTION CO., INC. and Blakeslee Prestress, Inc., Plaintiffs-Appellants, v. CONTINENTAL INSURANCE COMPANY, Cigna Property & Casualty Companies, the Travelers Group, Aetna Casualty & Surety, Trans America Insur-ance Company, Royal Indemnity Co., Royal Insurance Co., Federal Insurance Co., National Union, International Insurance Company, Fidelity and Casualty Insurance Co., Cna Insurance Companies, the Hartford, Reliance Insurance Co., Great, 2003 WL 25583301, *25583301+ (Appellate Brief) (N.Y.A.D. 1 Dept. Feb 04, 2003) **Brief for Defendant-Respondent National Casualty ...** (NO. 968) ✯ ✯

44 PAVARINI CONSTRUCTION CO., INC. and Blakeslee Prestress, Inc., Plaintiffs-Appellants, v. CONTINENTAL INSURANCE COMPANY, Cigna Property & Casualty Companies, the Travelers Group, Aetna Casualty & Surety, Trans America Insurance Company, Royal Indemnity Co., Royal Insurance Co., Federal Insurance Co., National Union, International Insurance Company, Fidelity and Casualty Insurance Co., Cna Insurance Companies, the Hartford, Reliance Insurance Co., Great, 2003 WL 25583304, *25583304+ (Appellate Brief) (N.Y.A.D. 1 Dept. Feb 04, 2003) **Brief for Defendant-Respondent Century Indemnity ...** (NO. 968) ✯ ✯

45 In the Matter of the Petition of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner-Respondent, v. For an order staying the arbitration attempted to be had by Sandra NOBLE, Respondent-Respondent, Truck Van & Car Rentals, Inc. and Maurice Lawshaun Pettway, Proposed Additional Respondents, Fire & Marine Insurance Company, Proposed Additional Respondent-Appellant., 2007 WL 5063984, *5063984+ (Appellate Brief) (N.Y.A.D. 2 Dept. Sep 17, 2007) **Reply Brief for Proposed Additional ...** (NO. 2007-01601) ✯ ✯ ✯ **HN: 2 (F.2d)**

46 In the Matter of the Petition of STATE FARM MUTUAL AUTOMOBILE INSURANCE

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.

COMPANY, Petitioner-Respondent, v. For an order staying the arbitration attempted to be had by Sandra NOBLE, Respondent-Respondent, United Truck Van & Car Rentals, Inc. and Maurice Lawshaun Pettway, Proposed Additional Respondents, Empire Fire & Marine Insurance Company, Proposed Additional Respondent-Appellant., 2007 WL 5063982, *5063982+ (Appellate Brief) (N.Y.A.D. 2 Dept. Jul 24, 2007) **Brief for Proposed Additional Respondent-Appellant** (NO. 2007-01601) ☆ ☆ **HN: 2 (F.2d)**

47 In the Matter of the Petition of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner-Respondent, v. For an Order staying the arbitration attempted to be had by Gwendolyn Campbell, Respondent, Xkar, Inc. and Alexander Mompremier, Proposed Additional Respondents, Acceptance Indemnity Insurance Company, Proposed Additional Respondent-Appellant., 2007 WL 4229484, *4229484+ (Appellate Brief) (N.Y.A.D. 2 Dept. Apr 23, 2007) **Brief of Proposed Additional Respondent-Appellant** (NO. 2006-10909) " ☆ ☆ ☆ **HN: 1,2 (F.2d)**

48 PRESERVER INSURANCE COMPANY, Plaintiff-Appellant, v. Arthur RYBA, Joaquim Almeida, East Coast Stucco & Construction, Inc. and One Beacon Insurance Company, Defendants-Respondents., 2006 WL 4539618, *4539618+ (Appellate Brief) (N.Y.A.D. 2 Dept. Sep 05, 2006) **Reply Brief for Plaintiff-Appellant** (NO. 2005-11373) ☆ ☆

49 PRESERVER INSURANCE COMPANY, Plaintiff-Appellant, v. Arthur RYBA, Joaquim Almeida, East Coast Stucco & Construction, Inc. and One Beacon Insurance Company, Defendants-Respondents., 2006 WL 4539617, *4539617+ (Appellate Brief) (N.Y.A.D. 2 Dept. Apr 27, 2006) **Brief for Plaintiff-Appellant** (NO. 2005-11373) ☆ ☆

50 Michelle REYES, Plaintiff-Appellant, v. DIAMOND STATE INSURANCE COMPANY, Lizzy Bonilla, Jeanette Astacio, Hector M. Rivera, Dollar Rent-A-Car Systems, Inc. and Rental Car Finance Corp., Defendants-Respondents., 2005 WL 5061304, *5061304 (Appellate Brief) (N.Y.A.D. 2 Dept. Oct 07, 2005) **Reply Brief for Plaintiff-Appellant** (NO. 2005-04649) ☆ ☆ **HN: 1,2 (F.2d)**

51 C.D. CITY, INC., Plaintiff/Respondent, v. MARYLAND CASUALTY COMPANY, Defendant/Appellant., 2004 WL 793961, *793961+ (Appellate Brief) (N.Y.A.D. 2 Dept. Jan 13, 2004) **Brief of Plaintiff-Respondent** " ☆ ☆ **HN: 1,2 (F.2d)**

52 Norberto OTERO, Plaintiff-Respondent, v. CABLEVISION OF NEW YORK, Defendant-Respondent. Neiss Management Corporation and 82 Rockaway Limited Liability Company, Defendants-Appellants., 2001 WL 34688937, *34688937+ (Appellate Brief) (N.Y.A.D. 2 Dept. 2001) **Brief for Defendants-Appellants** (NO. 2001-01353) ☆ ☆ **HN: 1 (F.2d)**

53 AMERICAN REF-FUEL COMPANY OF HEMPSTEAD, Plaintiff-Respondent-Appellant, v. EMPLOYERS INSURANCE COMPANY OF WAUSAU, a Mutual Company, Defendant-Appellant-Respondent., 1999 WL 33978857, *33978857 (Appellate Brief) (N.Y.A.D. 2 Dept. Sep 17, 1999) **Reply Brief for Plaintiff-Respondent-Appellant** (NO. 1999-00681) ☆ ☆

54 AMERICAN REF-FUEL COMPANY OF HEMPSTEAD, Plaintiff-Respondent-Appellant, v. EMPLOYERS INSURANCE COMPANY OF WAUSAU, a Mutual Company, Defendant-Appellant-Respondent., 1999 WL 33978856, *33978856+ (Appellate Brief) (N.Y.A.D. 2 Dept. Sep 02, 1999) **Reply Brief for Defendant-Appellant-Respondent** (NO. 1999-00681) " ☆ ☆ ☆ **HN: 1,2 (F.2d)**

55 AMERICAN REF-FUEL COMPANY OF HEMPSTEAD, Plaintiff-Respondent-Appellant, v. EMPLOYERS INSURANCE COMPANY OF WAUSAU, a Mutual Company, Defendant-Appellant-Respondent., 1999 WL 33978855, *33978855+ (Appellate Brief) (N.Y.A.D. 2 Dept. Aug 05, 1999) **Brief for Plaintiff-Respondent-Appellant** (NO. 1999-00681) ☆ ☆ **HN: 1,2 (F.2d)**

56 Juan RUIZ and Evelyn Ruiz, Plaintiffs, v. STATE WIDE INSULATION and Construction Corp., Defendant; State Wide Insulation and Construction Corp., Third-Party Plaintiff-Respondent-Appellant, v. Panicos Demetriades, Third-Party

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.

AUTHORIZED FOR EDUCATIONAL USE ONLY

Defendant-Respondent-Appellant-Respondent, Hermitage Insurance Company, Third-Party Defendant-Appellant-Respondent. Transtate Insurance Comapny a/s/o Juan Ruiz and Evelyn Ruiz, Plaintiffs,, 1999 WL 33978888, *33978888+ (Appellate Brief) (N.Y.A.D. 2 Dept. Jul 28, 1999) **Brief for Third-Party Defendant - Respondent - ...** (NO. 1999-00870) ✭ ✭ **HN: 1,2 (F.2d)**

57 Daniel ALLEN, Plaintiff-Respondent, v. VILLAGE OF FARMINGDALE and Holzmacher, McLendon & Murrell, Defendants. Incorporated Village of Farmingdale, Third-Party Plaintiff-Respondent, v. G&M Painting Enterprises, Inc., Third-Party Defendant-Appellant. Incorporated Village of Farmingdale, Second Third-Party Plaintiff-Respondent, v. Tig Specialty Insurance, Second Third-Party Defendant-Appellant., 1999 WL 33922220, *33922220+ (Appellate Brief) (N.Y.A.D. 2 Dept. 1999) **Brief for Second Third-Party Defendant-Appellant ...** (NO. 1999-11244) " ✭ ✭ ✭ **HN: 1,2 (F.2d)**

58 Daniel ALLEN, Plaintiff-Respondent, v. VILLAGE OF FARMINGDALE and Holzmacher, McLendon & Murrell, Defendants. Incorporated Village of Farmingdale, Third-Party Plaintiff-Respondent, v. G&M Painting Enterprises, Inc., Third-Party Defendant-Appellant. Incorporated Village of Farmingdale, Second Third-Party Plaintiff-Respondent, v. Tig Specialty Insurance, Second Third-Party Defendant-Appellant., 1999 WL 33922222, *33922222+ (Appellate Brief) (N.Y.A.D. 2 Dept. 1999) **Reply Brief for Second Third-Party ...** (NO. 1999-11244) ✭ ✭ **HN: 1 (F.2d)**

59 INTERNATIONAL FURNITURE RENTALS OF NY/CT, INC., Plaintiff-Appellant, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant-Respondent., 1998 WL 35247475, *35247475 (Appellate Brief) (N.Y.A.D. 2 Dept. Jul 27, 1998) **Reply Brief for Plaintiff-Appellant Furniture ...** (NO. 1998-00036) ✭ ✭ **HN: 1,2 (F.2d)**

60 NEW YORK STATE DORMITORY AUTHORITY, Plaintiffs-Appellant, v. SCOTTSDALE INSURANCE COMPANY, Century Parking, Inc., Sentry Parking, Inc., Defendants-Respondents, Brian Vaughn, Defendant., 2005 WL 5436633, *5436633+ (Appellate Brief) (N.Y.A.D. 4 Dept. Sep 14, 2005) **Brief for Defendant-Respondent Scottsdale ...** (NO. 207, 05-01837) ✭ ✭ ✭

**Trial Court Documents (U.S.A.)**

Trial Motions, Memoranda and Affidavits

61 U.S. UNDERWRITERS INSURANCE COMPANY, Plaintiff, v. A & D MAJA CONSTRUCTION, INC., S.S. Morgan & Co., Inc., 25 Avenue C, LLC, Morningstar Tabernacle Church, Inc., and Commercial Union Insurance Company, as subrogee of Morningstar Tabernacle Church, Inc., Defendants., 2002 WL 34160328, *34160328+ (Trial Motion, Memorandum and Affidavit) (E.D.N.Y. Jan 14, 2002) **Memorandum of Law** (NO. 00CV3975) ✭

62 UNITED STATES LIABILITY INSURANCE COMPANY, Plaintiff, v. Nefesh ACADEMY, Alice Machi, Boris Kryuk, an Infant under the age of 14 years, by his Mother and Natural Guardian, Leah Kushnerova, Leah Kushnerova, individually and Children's Torah Foundation of Queens, Inc. t/a Torah Academy of Queens, Defendants., 1997 WL 34605523, *34605523 (Trial Motion, Memorandum and Affidavit) (E.D.N.Y. Aug 21, 1997) **Memorandum of Law in Support of Plaintiff's ...** (NO. 96CV3728, ERK) ✭

63 INTERNET LAW LIBRARY, INC., et al., Plaintiffs, v. SOUTHRIDGE CAPITAL MANAGEMENT LLC, et al., Defendants. COOTES DRIVE LLC, Defendant-Counterclaim-Plaintiff, v. INTERNET LAW LIBRARY, INC., et al., Plaintiffs-Counterclaim-Defendants. Jack TOMPKINS, et al., Plaintiffs, v. SOUTHRIDGE CAPITAL MANAGEMENT LLC, et al., Defendants., 2003 WL 23109213, *23109213+ (Trial Motion, Memorandum and Affidavit) (S.D.N.Y. Oct 24, 2003)

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.

AUTHORIZED FOR EDUCATIONAL USE ONLY

Plaintiffs-Counterclaim-Defendants' Reply ... (NO. 016600, RLC) ✶ ✶ **HN: 2 (F.2d)**

64 James GARAY and Michelle Garay, Plaintiffs, v. NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Defendant., 2003 WL 25659423, *25659423+ (Trial Motion, Memorandum and Affidavit) (S.D.N.Y. Oct 21, 2003) **Plaintiffs' Memorandum of Law** (NO. 703CV00329) ✶ ✶

65 U.S. UNDERWRITERS INSURANCE COMPANY, Plaintiff, v. 203-211 WEST 145TH STREET REALTY CORP., 203 West 145th Street Associates, L.P., Richard Brown, Abram Gin, Stephen P. Grathwohl, Alex Zaika, Todd Lefkowitz and Donna Lefkowitz, Defendants., 2001 WL 34766347, *34766347 (Trial Motion, Memorandum and Affidavit) (S.D.N.Y. May 30, 2001) **Plaintiff's Memorandum of Law in Support of its ...** (NO. 998880) ✶ ✶

66 U.S. UNDERWRITERS INSURANCE COMPANY, Plaintiff, v. 203-211 WEST 145TH STREET REALTY CORP., 203 West 145th Street Associates, L.P., Richard Brown, Abram Gin, Stephen P. Grathwohl, Alex Zaika, Todd Lefkowitz and Donna Lefkowitz, Defendants., 2000 WL 34500863, *34500863+ (Trial Motion, Memorandum and Affidavit) (S.D.N.Y. Nov 01, 2000) **Plaintiff's Memorandum of Law in Opposition to ...** (NO. 998880) ✶ ✶

67 U.S. UNDERWRITERS INSURANCE COMPANY, Plaintiff, v. 203-211 WEST 145TH STREET REALTY CORP., 203 West 145th Street Associates, L.P., Richard Brown, Abram Gin, Stephen P. Grathwohl, Alex Zaika, Todd Lefkowitz and Donna Lefkowitz, Defendants., 2000 WL 34509937, *34509937+ (Trial Motion, Memorandum and Affidavit) (S.D.N.Y. Nov 01, 2000) **Plaintiff's Memorandum of Law in Opposition to ...** (NO. 998880, WHP) ✶ ✶

68 U.S. UNDERWRITERS INSURANCE COMPANY, Plaintiff, v. 203-211 WEST 145TH STREET REALTY CORP., 203 West 145th Street Associates, L.P., Richard Brown, Abram Gin, Stephen P. Grathwohl, Alex Zaika, Todd Lefkowitz and Donna Lefkowitz, Defendants., 2000 WL 34500846, *34500846+ (Trial Motion, Memorandum and Affidavit) (S.D.N.Y. Oct 19, 2000) **Plaintiff's Memorandum of Law in Support of its ...** (NO. 998880) ✶ ✶

69 U.S. UNDERWRITERS INSURANCE COMPANY, Plaintiff, v. 203-211 WEST 145TH STREET REALTY CORP., 203 West 145Th Street Associates, L.P., Grathwohl, Alex Zaika, Todd Lefkowitz and Donna Lefkowitz, Defendants., 2000 WL 34509934, *34509934+ (Trial Motion, Memorandum and Affidavit) (S.D.N.Y. Oct 19, 2000) **Plaintiff's Memorandum of Law in Support of Its ...** (NO. 998880, WHP) ✶ ✶

70 U.S. UNDERWRITERS INSURANCE COMPANY. Plaintiff, v. 203-211 WEST 145TH STREET REALTY CORP., 203 West 145TH Street Associates, L.P., Richard Brown, Abram Gin, Stephen P. Grathwohl, Alex Zaika, Todd Lefkowitz and Donna Lefkowitz, Defendants., 2000 WL 35516190, *35516190 (Trial Motion, Memorandum and Affidavit) (S.D.N.Y. Oct 19, 2000) **Plaintiff's Memorandum of Law in Support of Its ...** (NO. 998880) ✶ ✶

71 U.S. UNDERWRITERS INSURANCE COMPANY, Plaintiff, v. 614 CONSTRUCTION CORP., 626 Emmut Properties Ltd., Emmut Properties Corp. and Steadman Wilson, Defendants., 2000 WL 35514997, *35514997+ (Trial Motion, Memorandum and Affidavit) (S.D.N.Y. Jun 13, 2000) **Memorandum of Law in Support of Motion for ...** (NO. 993548, JES) ✶

72 U.S. UNDERWRITERS INSURANCE COMPANY, Plaintiff, v. ROKA, LLC, Robert Chou, Katherine Chou, and Luis Escarela, Defendants., 2000 WL 35516200, *35516200+ (Trial Motion. Memorandum and Affidavit) (S.D.N.Y. May 04, 2000) **Plaintiff's Memorandum of Law in Support of Its ...** (NO. 99CV10136, AGS) ✶ ✶

73 MOUNT VERNON FIRE INSURANCE COMPANY, Plaintiff, v. J&S BUILDERS OF LONG ISLAND CITY, INC., Falcon Contracting, the City of New York, City of New York Division of Housing Preservation and Development and Christopher Edwards, Defendants., 1998 WL 35142364, *35142364 (Trial Motion, Memorandum and Affidavit) (S.D.N.Y. Jan 02, 1998) **Plaintiff's Memorandum of Law in Support of its ...** (NO. CV975709, DLC) ✶

74 U.S. UNDERWRITERS INSURANCE COMPANY, Plaintiff, v. WEATHERIZATION, INC.,

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.

Carline Victorin Vaij Realty Associates, Garth Organization and Rafi Fashions, Inc., Defendants., 1997 WL 34487298, *34487298+ (Trial Motion, Memorandum and Affidavit) (S.D.N.Y. Aug 15, 1997) **Memorandum of Law in Opposition to the Motion for ...** (NO. 967494, KMW) ☆ ☆

75 SPHERE DRAKE INSURANCE, P.L.C., Plaintiff, v. Christopher GARCIA, Richard Stavenik, Victor Borsella & Son, Inc., Shawn Prince and C.R.S. Group, Inc. T/A Bumpers Tavern, Defendants., 1996 WL 34361921, *34361921 (Trial Motion, Memorandum and Affidavit) (S.D.N.Y. 1996) **Memorandum of Law** (NO. 96CV9743, JFK) ☆

76 PHILADELPHIA INDEMNITY INSURANCE COMPANY, Plaintiff, v. Brian P. FITZGERALD, John H. Napier, Kenneth R. Kirby, Napier Fitzgerald & Kirby and James K. Henderson, Defendants., 2002 WL 34203970, *34203970 (Trial Motion, Memorandum and Affidavit) (W.D.N.Y. May 07, 2002) **Plaintiff's Memorandum of Law in Support of Its ...** (NO. 01CV0824A(F)) ☆ ☆

77 CUBIC CORPORATION, a Delaware corporation, Plaintiff, v. THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation; Lexington Insurance Company, a Delaware corporation and Does 1 through 50, inclusive, Defendant., 2005 WL 4000676, *4000676+ (Trial Motion, Memorandum and Affidavit) (Cal.Superior Apr 25, 2005) **Supplemental Memorandum of Points and Authorities ...** (NO. BC313720) ☆ ☆

78 NATIONAL ABATEMENT CORP. and NAC Environmental Services, Corp., Plaintiffs, v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A., Defendant., 2004 WL 5366004, *5366004+ (Trial Motion, Memorandum and Affidavit) (N.Y.Sup. Nov 24, 2004) **Reply Affirmation** (NO. 02603886) ☆ ☆

79 NEW YORK STATE DORMITORY AUTHORITY, Plaintiff, v. SCOTTSDALE INSURANCE COMPANY, Century Parking, Inc., Sentry Parking, Inc. and Brian Vaughn, Defendants., 2003 WL 25566415, *25566415 (Trial Motion, Memorandum and Affidavit) (N.Y.Sup. 2003) **Affirmation in Support of Scottsdale's Motion for ...** (NO. 12003-6299) ☆ ☆

80 AMERICAN CONTINENTAL PROPERTIES, INC., and Century Apartments Aassociates, Creditor. v. Michael LYNN and Associates, P.C., Debtor, v. Lynn Associates, Inc. and Seelye, Stevenson, Value & Knecht, Garnishees., 2003 WL 24002731, *24002731+ (Trial Motion, Memorandum and Affidavit) (Pa.Com.Pl. Feb 04, 2003) **Brief in Support of Motion for Summary Judgment ...** (NO. 3478) ☆ ☆

81 AMERICAN CONTINENTAL PROPERTIES, INC. and Century Apartments Associates, Creditor, v. Michael LYNN and Associates, P.C., Debtor, v. National Union Fire Insurance Company of Pittsburgh, STV Group, Inc. (formerly STV Engineers, Inc.), STV/Wai, Inc., STV/Michael Lynn Associates, Inc. and Seelye, Stevenson, Value & Knecht, Garnishees., 2003 WL 25321855, *25321855+ (Trial Motion, Memorandum and Affidavit) (Pa.Com.Pl. Feb 04, 2003) **Brief in Support of Motion for Summary Judgment ...** (NO. 3478) ☆ ☆

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.

AUTHORIZED FOR EDUCATIONAL USE ONLY

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.