UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

PEARSON EDUCATION, INC., :
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING INC. AND :
THE MCGRAW-HILL COMPANIES, INC.,
:
            Plaintiffs,
:
  -against-                        07 Civ. 7890 (PKC)
:
THE TEXTBOOK GUY LLC
D/B/A THETEXTBOOKGUY.COM, :
MATTHEW STIRLING AND
JOHN DOES NOS. 1-5, :

            Defendants. :

- - - - - - - - - - - - - - - - - x

    PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
    MOTION TO ADJUDGE MATTHEW STIRLING, CHRIST GAETANOS
    AND RICHARD GALBO IN CONTEMPT OF THE FINAL JUDGMENT
    AND PERMANENT INJUNCTION ENTERED MARCH 5, 2008

                                                  DUNNEGAN LLC
                                                  Attorneys for Plaintiffs
                                                    Pearson Education, Inc.,
                                                    John Wiley & Sons, Inc.,
                                                    Cengage Learning Inc. and
                                                    The McGraw Hill Companies, Inc.
                                              350 Fifth Avenue
                                              New York, New York 10118
                                              (212) 332-8300

Table of Contents

Statement of Facts. . . . . . . . . . . . . . . . . . . . . 1

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I.    THE COURT SHOULD ADJUDGE STIRLING IN CONTEMPT BASED UPON HIS ENDORSEMENT OF CHECKS PAYABLE TO TTG ON ABOUT JUNE 2, 2008, DESPITE HIS BANKRUPTCY FILING ON APRIL 25, 2008 . . . . . . . 5

    II.   THE COURT SHOULD ADJUDGE ATTORNEY GAETANOS AND ATTORNEY GALBO IN CONTEMPT, EVEN THOUGH THEY ARE NOT PARTIES TO THE ACTION, BECAUSE THEY INDUCED STIRLING TO VIOLATE THE FINAL JUDGMENT. . . . . . . . . . . . . . . . . . . . . 7

    III.  THE COURT SHOULD IMPOSE ATTORNEYS' FEES UPON ATTORNEY GAETANOS PURSUANT TO 28 U.S.C. § 1927. 8

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . 9

Plaintiffs respectfully submit this memorandum of law in support of their motion to adjudge defendant Matthew Stirling ("Stirling"), Christ Gaetanos, Esq. ("Attorney Gaetanos"), and Richard Galbo, Esq. ("Attorney Galbo") in contempt of the final judgment and permanent injunction by consent entered March 5, 2008.

## Statement of Facts

Based upon the documentary evidence and the admissions of Attorney Gaetanos before this Court on June 20, 2008, the following facts are not subject to reasonable dispute.

1. The Final Judgment required defendants to pay plaintiffs $15,000 by April 1, 2008. (Dunnegan Dec. dated June 4, 2008, Ex. A at p. 3)

2. Defendants failed to make that payment. (Dunnegan Dec. dated June 4, 2008, at p. 2, ¶ 2)

3. On April 2, 2008, plaintiffs' counsel sent a letter to defendants demanding payment within 10 business days. (Dunnegan Dec. dated April 18, 2008, Ex. B)

4. Defendants again failed to make that payment within those 10 business days. (Dunnegan Dec. dated June 4, 2008, at p. 3, ¶ 6)

5. On April 16, 2008, plaintiffs' counsel sent a letter to defendants accelerating the amounts due under the Final

Judgment and demanding immediate payment of the remaining $51,000 due under it, as well as plaintiffs' attorneys' fees for collection. (Dunnegan Dec. June 4, 2008, Ex. B)

6. On April 18, 2008, plaintiffs obtained an order from this Court directing Stirling to show cause on April 29, 2008, why an order should not be entered enforcing the Final Judgment and adjudging Stirling in contempt. (Dunnegan Dec. June 4, 2008, at p. 3, ¶ 7; Docket No. 30)

7. On April 25, 2008, Stirling filed for bankruptcy in the United States Bankruptcy Court for the District of Arizona. (Dunnegan Dec. June 4, 2008, at p. 3, ¶ 7)

8. On May 6, 2008, The Hartford Insurance Company ("Hartford") advised defendant The Textbook Guy ("TTG"), through its attorneys, that it would pay a total of $73,000 to TTG in accordance with the insurance policy of TTG. (Tr. 6/20/08 at 17:23-18:14)

9. Attorney Gaetanos then offered on behalf of TTG to pay plaintiffs $33,000 if, and only if, plaintiffs released all their monetary claims against defendants under the Final Judgment. (Dunnegan Dec. June 4, 2008, Ex. C; Tr. 6/20/08 at 18:22-19:2) Plaintiffs declined. (Tr. 6/20/08 at 6:2-6:7, 18:22-19:2)

10. On or about June 2, 2008, Attorney Galbo received a $38,000 check from Hartford payable to TTG and Attorney Galbo, in partial satisfaction of Hartford's obligations under its insurance

2

policy with TTG. (Dunnegan Dec. dated June 4, 2008, Ex. G.; Galbo Aff. at p. 5, ¶¶ 12-14; TTG Memo at 4)  Hartford issued this check with the understanding that TTG would use the $38,000 to pay a portion of the Final Judgment. (Dunnegan Dec. dated June 4, 2008, Ex. G)

  11. On or about June 2, 2008, Attorney Galbo deposited this $38,000 check from Hartford in his trust account and thereafter withdrew $5,000, to pay himself 100% of the amount he claimed TTG owed him. (Galbo Aff., p. 5, ¶ 12; But see Tr. 6/20/08 at 26:2-6) $33,000 remains in Attorney Galbo's escrow account. (Galbo Dec., p. 5, ¶ 12)  Attorney Galbo never filed an action on behalf of TTG with respect to its insurance claim against Hartford. (Galbo Aff., p. 3, ¶¶ 5, 9)

  12. Also on or about June 2, 2008, Hartford also delivered a second check to Attorney Galbo in the amount of $35,000 payable to TTG and Attorney Galbo. (Dunnegan Dec. dated June 4, 2008, Ex. G)  Stirling, on behalf of TTG, and Attorney Galbo then endorsed this check to Attorney Gaetanos, who deposited it in his operating account. (Dunnegan Dec. June 4, 2008, Ex. G; TTG Memo at 4; Tr. 6/20/08 at 3:19-4:16)  There is no evidence that Attorney Gaetanos had any contract with Hartford that required Hartford to pay him directly.  This $35,000 represented payment for 100% of the amount Attorney Gaetanos claimed to be due. (Galbo Aff., at p. 3-4, ¶ 9)

3

13. At all material times, Stirling, Attorney Gaetanos and Attorney Galbo knew of the Final Judgment and defendants' default in the making of payments under it. (Tr. 6/20/08 at 2:7-3:11; 5:6-6:9; Gaetanos Dec. dated June 16, 2008 at Ex. 10, Schedules at p. 7; Galbo Aff., at p. 5, ¶ 12)

14. On or about June 3, 2008, Attorney Galbo offered on behalf of TTG to pay plaintiffs $33,000 if, and only if, plaintiffs released all their monetary claims against defendants under the Final Judgment. (Galbo Aff., at p. 5, ¶ 12)

15. TTG has not given any instructions to Attorney Galbo or to Attorney Gaetanos concerning the $33,000 in his escrow account other than to attempt to use it to satisfy the Final Judgment. (Galbo Aff., p. 5, ¶ 14; Tr. 6/20/08)

16. As of the proceeding on June 20, 2008, defendants were not in compliance with the Final Judgment. (Tr. 6/20/08 at 7:19-23)

17. No person has taken any action since June 20, 2008 to comply with the Final Judgment. (Dunnegan Dec. dated June 25, 2008, p. 1, ¶ 3)

4

<u>Argument</u>

I.

THE COURT SHOULD ADJUDGE STIRLING IN CONTEMPT BASED UPON HIS ENDORSEMENT OF CHECKS PAYABLE TO TTG ON ABOUT JUNE 2, 2008, DESPITE HIS BANKRUPTCY FILING ON APRIL 25, 2008

There should be no reasonable dispute that Stirling is in contempt of the May 5, 2008 Final Judgment based upon, <u>inter alia</u>, his negotiation of the $35,000 check and his failure to use the $38,000 from the escrow account of Attorney Galbo to pay the Final Judgment. Attorney Gaetanos admitted that Stirling received the letters of plaintiffs' counsel notifying him of the default under the Final Judgment and of the acceleration of the payments due under it. (Tr. 6/20/08 at 12:23-13:5) At the June 20, 2008 proceeding, Attorney Gaetanos admitted that Stirling, as the sole owner of TTG, nevertheless endorsed to Attorney Gaetanos the $35,000 check from Hartford payable to TTG and Attorney Galbo. (Tr. 6/20/08 at 3:6-4:16) Attorney Galbo admitted that Stirling refused to provide any instructions concerning the $33,000 in his escrow account except to use it to satisfy the judgment. (Galbo Aff., p. 5, ¶ 3)

A non-party to an order may be found liable for knowingly aiding and abetting a violation of that order. <u>Alemite Mfg. Corp. v. Staff</u>, 42 F.2d 832 (2d Cir. 1930)(L. Hand, J.)("We agree that a person who knowingly assists a defendant in violating

5

an injunction subjects himself to civil as well as criminal proceedings for contempt. This is well settled law.")

In <u>Levin v. Timber Holding Corp.</u>, 277 F.3d 243, 250 (2d Cir. 2002), the Court of Appeals stated:

> "Before a party can be found guilty of aiding and abetting civil contempt, the court must find: (1) that the party subject to the court's mandate committed contempt; and (2) that another party assisted the enjoined party. See <u>Alemite</u>, 42 F.2d at 833."

The assistance must be rendered with knowledge of the violation. <u>United States v. District Council of New York City</u>, 2007 U.S. Dist. LEXIS 69852 *72 (S.D.N.Y. September 17, 2007)(non-party adjudged in civil contempt as an aider and abetter.)

In <u>Chicago Truck Drivers v. Brotherhood Labor Leasing</u>, 207 F.3d 500, 507 (8th Cir. 2000), after the district court declined to adjudge a sole shareholder in contempt of an order directing the corporation to make a payment on the ground that the shareholder was not a party, the Eighth Circuit reversed and remanded for a further development of the record, stating:

> "We have no trouble concluding that, under Rule 65(d) and the cases cited above, <u>the magistrate judge's payment orders were binding upon Gula as the sole shareholder, corporate officer and agent of the Appellees, even though the orders made no specific reference to him.</u> There is no question that he had notice of the orders. And while the district court's June 25, 1997 order establishing a future payment schedule was not labeled an injunction, it looked like one: it compelled the Appellees' affirmative, prospective obedience with it. See *Wintz Properties*, 155 F.3d at 873-74 ("The order instructs [the defendant] to do something - pay the Fund what the

6

statute requires – which after all is the point of an injunction...."); *International Longshoremen's Ass'n*, 389 U.S. at 75, 88 S.Ct. 201. He was sufficiently 'legally identified' with the Appellees that he was in a position to carry out acts on their behalf. *Cooper*, 134 F.3d at 920. He therefore may subject to a contempt finding for their violation." (Emphasis added.)

The present case is even clearer because Stirling, but for his bankruptcy filing, would have been personally liable to make the payments under the Final Judgment.

Stirling's April 25, 2008, bankruptcy filing does not stay the imposition of contempt sanctions against based upon acts committed on or after June 2, 2008. See 11 U.S.C. § 362. Plaintiffs do not seek contempt sanctions payable from the bankruptcy estate of Stirling.

II.

THE COURT SHOULD ADJUDGE ATTORNEY GAETANOS
AND ATTORNEY GALBO IN CONTEMPT, EVEN THOUGH
THEY ARE NOT PARTIES TO THE ACTION, BECAUSE THEY
INDUCED STIRLING TO VIOLATE THE FINAL JUDGMENT

The conduct of Attorney Gaetanos and Attorney Galbo satisfies the elements for aiding and abetting a civil contempt violation. The Court should therefore adjudge them in civil contempt.[1]

---

[1] This theory is conceptually different than liability under Rule 65(d). Plaintiffs would not suggest that Attorney Gaetanos or Attorney Galbo were responsible for the payments under the Final Judgment absent their tortious conversion of the funds from Hartford.

7

(1) TTG committed contempt by endorsing the $35,000 check to Attorney Gaetanos, and endorsing the $38,000 check to the escrow account of Attorney Galbo without instructions to unconditionally pay the Final Judgment, knowing that TTG had not complied with the Final Judgment. (Tr. 6/20/08 at 3:12-4:13; 12:23-13:5)

(2) Attorney Gaetanos and Attorney Galbo knew, at least by June 2, 2008, that TTG had an obligation under the Final Judgment to pay at least $51,000 of those amounts to plaintiffs. (Tr. 6/20/08 at 5:24-6:13; Galbo Aff. at p. 5, ¶ 12)

(3) Attorney Gaetanos and Attorney Galbo assisted TTG substantially in its contumacious conduct. Attorney Galbo endorsed the $35,000 to Attorney Gaetanos and Attorney Gaetanos deposited it. (Tr. 6/20/08 at 3:6-4:13) Attorney Galbo also endorsed the $38,000, deposited it in his trust account and withdrew $5,000 for himself. (Galbo Aff. at p. 5, ¶¶ 12 and 14)

### III.

THE COURT SHOULD IMPOSE ATTORNEYS' FEES UPON ATTORNEY GAETANOS PURSUANT TO 28 U.S.C. § 1927

28 U.S.C. § 1927 provides:

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required

8

> by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

See 60 E. 80th St. Equities, Inc. v. Sapir (In re 60 E. 80th St. Equities), 218 F.3d 109, 112 (2d Cir. 2000)("Because we agree with the District Court that Papapanayotou's actions in the proceedings below evidence clear bad faith and an unreasonable pursuit of frivolous claims, we affirm the order of the District Court imposing the sanctions.")

The conduct of Attorney Gaetanos falls squarely within this section. Had he not induced TTG to violate the Final Judgment, plaintiffs would not have incurred attorneys' fees in any material amount, after Hartford advised the defendants on or about May 6, 2008 that it would pay $73,000. Mr. Gaetanos should be liable for those excess fees.

## Conclusion

For the reasons set forth above, plaintiffs respectfully request that the Court adjudge Stirling, Attorney Gaetanos and Attorney Galbo in contempt of the March 5, 2008 Final Judgment and impose appropriate coercive and compensatory sanctions and that the Court adjudge Attorney Gaetanos' liability for the attorneys' fees of plaintiffs in connection with the collection of the Final

9

Judgment after May 6, 2008.

Dated:  New York, New York
        June 26, 2008

                                  DUNNEGAN LLC

                                  By *William Dunnegan*
                                     William Dunnegan (WD9316)
                                Attorneys for Plaintiffs
                                  Pearson Education, Inc.,
                                  John Wiley & Sons, Inc.,
                                  Cengage Learning Inc. and
                                  The McGraw Hill Companies, Inc.
                                350 Fifth Avenue
                                New York, New York 10118
                                (212) 332-8300