UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| PEARSON EDUCATION, INC., | : |
| JOHN WILEY & SONS, INC., | : |
| CENGAGE LEARNING INC. AND | : |
| THE MCGRAW-HILL COMPANIES, INC., | : |
| Plaintiffs, | : |
| -against- | : 07 Civ. 7890 (PKC) |
| THE TEXTBOOK GUY, LLC, et al. | : |
| Defendants. | : |

---

DECLARATION OF CHRIST GAETANOS IN OPPOSITION TO PLAINTIFFS' MOTION TO ADJUDGE DEFEFENDANT MATTHEW STIRLING, CHRIST GAETANOS AND RICHARD GALBO IN CONTEMPT.

CHRIST GAETANOS hereby declares pursuant to 28 U.S.C. 1746 that the following is true and correct.

1. I am a member of the Bar of the State of New York and have been admitted to practice in the Bar of this court *pro hac vice*.

2. I make this affidavit in response to this Court's Order to Show Cause dated June 26, 2008, directing Defendant Matthew Stirling and non-parties Christ Gaetanos and Richard Galbo to show cause why they should not be held in contempt in connection with the handling of an insurance claim by Defendant The Textbook Guy, LLC ("TBG") against TBG's insurer, The Hartford Insurance Company ("Hartford").

3. Two checks totaling $51,000 were delivered to Plaintiffs' counsel on June 30, 2008 by overnight mail under correspondence dated June 27, 2008 from my partner Arthur G. Baumeister, Esq. The first check, for $38,000, was drawn of the escrow account of Richard A. Galbo, coverage counsel for TBG. The second check, for $13,000, was drawn on my operating account. A copy of the letter from Mr. Baumeister, Esq. to William Dunnegan, Plaintiffs' counsel, along with copies of the checks, is attached as Exhibit 1.

4. The $51,000 payment represents the payment of the entire principal amount, after acceleration, pursuant to the Permanent Injunction and Final Judgment dated March 5, 2008 ("Final Judgment").

5. The entire $51,000 amount, including $13,000 earmarked by Hartford for defense costs, was voluntarily paid so that there could be no question that total principal payments

provided for in the Final Judgment had been paid in full and that, accordingly, there had been compliance with the Final Judgment

6. In paragraph 8 of Plaintiffs' Memorandum of Law in support of the instant motion, they state that TBG's insurer, Hartford, advised that it would pay TBG $73,000 in connection with TBG's claim against Hartford as it arose out of this litigation.

7. While this is correct, Hartford expressly divided the amount it would pay into two amounts, $35,000 for TBG's attorneys fees and $38,000 as partial reimbursement for TBG's damages in connection with this litigation. A copy of Hartford's letter to Richard A. Galbo, TBG's insurance coverage counsel, dated May 30, 2008 ("Hartford May 30 Letter") is attached as Exhibit 2.

8. The Hartford May 30 Letter specifies that the fee check ($35,000) for "post-tender defense costs incurred in connection with the underlying lawsuit."

9. The Hartford May 30 Letter further specifies that the damages check ($38,000) "must be used by the insured to satisfy its obligations pursuant to [the Final Judgment]."

10. The damages check has now been so used, and a portion of the fee check has been used for the same purpose, notwithstanding Hartford's directions.

11. In paragraph 17 of the Plaintiffs' Memorandum of Law, Plaintiffs state that "[n]o person has taken any action since June 20, 2008 to comply with the Final Judgment. This is not correct. See paragraph 3 of this Declaration.

12. Upon information and belief, the most that Hartford would have paid for the damages portion of TBG's insurance claim was $38,000, representing 50% of the settlement amount and that this amount would not have increased regardless of the amount of defense costs incurred.

13. Upon information and belief, Mr. Baumeister contacted Mr. Dunnegan during the morning of June 26, 2008, before the latest motion was docketed and served, to discuss payment of the $51,000.

14. In Point I of Plaintiffs' Memorandum of Law, Plaintiffs conclude that Mr. Stirling should be held in contempt of court for violating the Final Judgment after June 2, 2008, citing authorities dealing with the liabilities of nonparties. Mr. Stirling is a party (not a non-party) in this proceeding. In any case, there has now been compliance with the Final Judgment. Moreover, the Defendants were advised in the matter by counsel (including the Defendants' current bankruptcy counsel) in reliance upon well-settled principles of insurance law concerning the rights and duties of an insured under an insured contract.

15. In Point II of Plaintiffs' Memorandum of Law, Plaintiffs conclude that Messrs. Gaetanos and Balbo should be held in contempt of court as non-parties for aiding and abetting a civil contempt violation. All of Mr. Galbo's and my advice and activity in connection with

obtaining an insurance settlement and then distributing it were based on: (a) well-settled principles of insurance law concerning the difference under an insurance contract between defense and indemnity settlement proceeds and the standards under which they are payable costs; (b) the express direction of the insured (TBG) under the insurance contract in question; and (c) upon advice of counsel, including Defendant Matthew Stirling's and Defendant TBG's bankruptcy counsel.

16. In Point III of Plaintiffs' Memorandum of Law, Plaintiffs conclude that I should be held to account for attorneys' fees for violating 26 U.S.C. 1927. Plaintiffs have made no showing, as the statute requires, that the conduct of any of the alleged contemnors was "unreasonabl[e] and vexatious[]" in any respect or that they were "clearly without merit" [*Oliveri v. Thompson*, 803 F.2d. 1265, 1273 (2nd Cir. 1986)] or with "bad faith" (*Oliveri, supra, id.*). My conduct was based on: (a) well-settled principles of insurance law concerning the difference under an insurance contract between defense and indemnity settlement proceeds and the standards under which they are payable costs; (b) the express direction of the insured (TBG) under the insurance contract in question; and (c) upon advice of other counsel, including Defendant Matthew Stirling's and Defendant TBG's bankruptcy counsel, as demonstrated by the record in this case, including the portion of it created in connection with previous contempt motions in contempt of court as non-parties for aiding and abetting a civil contempt violation.

17. I deny all other allegations and intimations in the Declaration that accompanies the instant Order to Show Cause and its accompanying Memorandum of Law.

18. Plaintiffs have offered no support for any claim they make concerning an award of attorneys' fees or other costs incurred in connection with the Final Judgment. Accordingly, it is not possible for me to respond this to claim with any depth.

19. Accordingly, and on Mr. Stirling's behalf, Mr. Galbo's behalf and my own behalf, I respectfully request that this Court deny the relief requested in the instant contempt motion.

20. In the event that the Court is unwilling to accept my Declaration as adequate support for the Mr. Stirling's position that he should not be held in contempt for failing to abide by the Final Judgment or held liable for Plaintiffs' attorneys fees, then we respectfully request that the Court permit an evidentiary hearing so that the targets of this motion be permitted to testify and offer such other evidence and authority as may be relevant to the matter, and so that the Plaintiffs may offer additional proof concerning their demands.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

Executed on July 1, 2008

s/*Christ Gaetanos*
_____
Christ Gaetanos