EXHIBIT "D"

UNITED STATES POSTAGE
PB8529720
JUN 05 08
MAILED FROM NEW YORK, NY 10111
156 $ 06.07
1060
8085

7008 0150 0001 0845 0429

DUNNEGAN LLC
ATTORNEYS AT LAW
350 FIFTH AVENUE
NEW YORK, NEW YORK 10118

Richard A. Galbo, Esq.
Galbo & Associates
1830 Liberty Building
Buffalo, NY 14202

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

PEARSON EDUCATION, INC.,            :
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING INC. AND           :
THE MCGRAW-HILL COMPANIES, INC.,
                                    :
            Plaintiffs,
                                    :
     -against-                         07 Civ. 7890 (PKC)
                                    :
THE TEXTBOOK GUY LLC
D/B/A THETEXTBOOKGUY.COM,           :
MATTHEW STIRLING AND
JOHN DOES NOS. 1-5,                 :

            Defendants.             :

- - - - - - - - - - - - - - - - - x
```

RESTRAINING NOTICE

PLEASE TAKE NOTICE that, pursuant to Rule 69 of the Federal Rules of Civil Procedure and New York CPLR § 5222, the undersigned attorneys for the plaintiffs Pearson Education, Inc., John Wiley & Sons, Inc., Cengage Learning Inc., and The McGraw-Hill Companies, Inc. hereby issue this Restraining Notice to the persons or entities named below.

Plaintiffs have obtained in the United States District Court for the Southern District of New York a final judgment and permanent injunction by consent against defendants The Textbook LLC d/b/a thetextbookguy.com, and Matthew Stirling, in the amount of $76,000, as set forth in the attached document, only $25,000 of which amount has

been paid. Additional interest and attorneys' fees continue to accrue. The current outstanding balance exceeds $51,000.

A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of

2

such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

Disobedience is punishable as a contempt of

court.

Dated:  New York, New York
        June 4, 2008

                                                              DUNNEGAN LLC

                                       By _____
                                          William Dunnegan (WD 9316)
                                          Nikitak E. Nicolakis (NN 1325)
                                    Attorneys for Plaintiffs
                                       Pearson Education, Inc.
                                       John Wiley & Sons, Inc.
                                       Cengage Learning Inc. and
                                       The McGraw-Hill Companies, Inc.
                                  350 Fifth Avenue
                                  New York, New York 10118
                                  (212) 332-8300

To: Christ Gaetanos, Esq.
    Amigone, Sanchez, Mattrey
    & Marshall, LLP
    1300 Main Place Tower
    350 Main Street
    Buffalo, NY 14202

    The Hartford Insurance Company
    Lake Success Commercial Claims
    One Hollow Lane
    Lake Success, NY 11042
    Attn: Diane DiFranco

    Richard A. Galbo, Esq.
    Galbo & Associates
    1830 Liberty Building
    Buffalo, NY 14202

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

PEARSON EDUCATION, INC.,
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING INC. AND
THE MCGRAW-HILL COMPANIES, INC.,

                    Plaintiffs,

      -against-                         07 Civ. 7890 (PKC)

THE TEXTBOOK GUY LLC
D/B/A THETEXTBOOKGUY.COM,
MATTHEW STIRLING AND
JOHN DOES NOS. 1-5,
                    Defendants.
- - - - - - - - - - - - - - - - - x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/5/08

FINAL JUDGMENT AND PERMANENT INJUNCTION
BY CONSENT

IT IS HEREBY STIPULATED and agreed, by and between the parties, conditional upon the approval of the Court, that it is:

ORDERED, ADJUDGED AND DECREED that defendants The Textbook Guy, LLC (a/k/a The Text Book Guy LLC), d/b/a thetextbookguy.com, Matthew Stirling, and their respective agents, servants, and employees, and all those acting in concert with either of them, if any, collectively "Defendants," are hereby PERMANENTLY ENJOINED from

(i) infringing the registered copyrights of plaintiff Pearson Education, Inc. ("Pearson"), identified on Schedule A hereto, the registered

copyrights of plaintiff John Wiley & Sons, Inc. ("Wiley"), identified on schedule B hereto, the registered copyrights plaintiff Cengage Learning Inc. (formerly known as "Thomson Learning Inc.") ("Cengage"), identified on schedule C hereto, and the registered copyrights plaintiff The McGraw-Hill Companies, Inc. ("McGraw-Hill"), identified on schedule D hereto, by advertising (including falsely designating) or selling (or any combination of the foregoing), in violation of 17 U.S.C. § 501; and

(ii) falsely designating the origin of his products or services in violation of the rights of Pearson, with respect to the trademarks identified on schedule E hereto, Wiley, with respect to the trademarks identified on schedule F hereto, Cengage, with respect to the trademarks identified on schedule G hereto, and McGraw-Hill, with respect to the trademarks identified on schedule H hereto, under 15 U.S.C. § 1125(a), and

(iii) infringing any copyright of Pearson, Wiley, Cengage or McGraw-Hill through the advertising (including false designation) or sale in the United States of any book marked to

prohibit its resale in the United States, provided that nothing in this Final Judgment and Permanent Injunction by Consent is intended to prohibit Defendants from advertising or selling works that may be lawfully advertised or sold under Title 17 of the United States Code; and it is further

ORDERED, ADJUDGED and DECREED that Defendants shall jointly and severally pay Pearson, Wiley, Cengage, and McGraw-Hill damages in the amount of $76,000 payable as follows:

(i)   $25,000 by March 1, 2008 by bank check of attorney trust account check;

(ii)  $15,000 by April 1, 2008 by bank check of attorney trust account check;

(iii) $300 per month, on the first of the month, for the next 120 months, beginning May 1, 2008, all $76,000 of which shall represent statutory damages pursuant to 17 U.S.C. § 504(c)(1) for Plaintiffs' respective works first sold by defendant in August, September and October 2007; it is further

ORDERED, ADJUDGED AND DECREED that the foregoing payments are ordered as damages with respect to violations of plaintiffs' respective rights pursuant to advertising

3

(including falsely designating) or selling (or any combination of the foregoing) same, in violation of 17 U.S.C. § 501; and it is further

ORDERED, ADJUDGED AND DECREED that Defendants shall have the right at any time to prepay the balance remaining, in whole or in part, but that a partial prepayment shall be allocated to the last amounts due and shall not delay the monthly payments owed to Pearson, Wiley, Cengage and McGraw-Hill; and it is further

ORDERED, ADJUDGED AND DECREED that, unless Pearson, Wiley, Cengage and McGraw-Hill notify Defendants to make payment to another person, they shall pay the above amounts by check payable to Dunnegan LLC Attorney Trust Account, and sent to Dunnegan LLC, 350 Fifth Avenue, New York, New York 10118, or to such other address that William Dunnegan may provide to Defendants; and it is further

ORDERED, ADJUDGED AND DECREED that if Defendants do not make a payment in accordance with the final judgment and permanent injunction, to which they have consented to the entry, or within 10 business days of written notice to him at the addresses provided below, by United States mail, (i) all amounts due under this final judgment shall become immediately due and payable, and (ii) Pearson, Wiley, Cengage and McGraw-Hill will be entitled, as a matter of

right, to recover their attorney's fees in connection with the enforcement of this final judgment; and it is further

ORDEDED, ADJUDGED and DECREED that Defendants shall identify forthwith, under oath, to Pearson, Wiley, Cengage and McGraw-Hill the name and address of each entity from whom they have purchased the books that are the subject of this case; and it is further

ORDEDED, ADJUDGED and DECREED that Defendants shall provide an inventory, by plaintiff, of all foreign editions of the books of plaintiffs and shall make those books, appropriately packed for shipment, available forthwith for pickup by United Parcel Service, or a similar company, at 902 West 13th Street, Tempe, Arizona 85281 the cost of packing to be paid by Defendants and the cost of shipping to be paid by plaintiffs;

ORDERED, ADJUDGED and DECREED that except as set forth herein, Pearson, Wiley, Cengage and McGraw-Hill release any and all of their claims against Defendants and Defendants, jointly and severally, release any and all of their claims, if any, against Pearson, Wiley, Cengage and McGraw-Hill; and it is further

ORDERED, ADJUDGED and DECREED that the caption of this action be an hereby is amended as set forth above to

reflect the true identities of the parties and the true Defendants; and it is further

ORDERED, ADJUDGED and DECREED that claims of Pearson, Wiley, Cengage and McGraw-Hill against Defendants in this action be, and hereby are, dismissed with prejudice, except that the Court shall retain jurisdiction to enforce this final judgment and permanent injunction.

Dated:  New York, New York
        March 5, 2008

                                    _____
                                    U.S.D.J.