EXHIBIT "F"



**THE HARTFORD**

*Lake Success Commercial Claims*
*One Hollow Lane*
*Lake Success, NY 11042*
*Telephone: 516-734-2720*
*Fax: (860) 392-1985*

VIA OVERNIGHT MAIL

May 30, 2008

William Dunnegan, Esq.
Dunnegan LLC
350 Fifth Avenue
New York, NY 10118

RE:    Pearson Education, et al. v. The Textbook Guy LLC
      Our Insured:      The Text Book Guy, LLC
      Our Claim No.      YRV L 32276
      Policy No.:      01 SBA RD6021

Dear Mr. Dunnegan:

This will acknowledge receipt of your letter dated May 28, 2008.

The Hartford Casualty Insurance Company ("The Hartford") issued policy no. 01 SBA RD 6021 to The Text Book Guy LLC in effect July 26, 2007 to October 30, 2007. Pursuant to the terms and conditions of the referenced policy, it is The Hartford's contractual obligation "to pay those sums that the insured becomes legally obligated to pay as damage because of bodily injury, property damage, or personal and advertising injury to which this insurance applies." In order for any loss to be covered, there must be an "advertising injury" offense that took place during the policy period. With respect to the underlying litigation, the referenced policy does not provide coverage for the trademark infringement or unfair competition causes of actions set forth in the Amended Complaint. With respect to copyright infringement cause of action, in order to come within the grant of coverage, the policy requires that the copyright infringement arise out of the named insured's "advertisement" during the policy period. Thus, plaintiff may not recover from The Hartford the entirety of the unpaid judgment but only that portion of the judgment that is for damages occurring during the policy period resulting from infringement of copyright in the insured's advertisement. Since plaintiff has the burden to prove its right to recover under §3420(a) (2) of the New York State Insurance law, it will have the burden of proof on the issue of what damages because of copyright infringement in the insured's "advertisement" occurred between July 26, 2007 and October 30, 2007, and is not subject to any applicable policy exclusions. Moreover, plaintiff must not only segregate the damages that occurred during the

The Hartford
Page 2
May 30, 2008

policy term from all others, it must also establish what portion of those damages are attributable to copyright infringement in the insured's "advertisement."

Since a portion of the judgment has already been paid, The Hartford would be entitled to a credit against the covered damages. Because we have paid the insured $25,000 to reimburse it for covered damage already paid to plaintiff and an additional $13,000 for damages not yet paid (all of which is to pay for damages occurring during the policy period) it seems highly unlikely that The Hartford has any exposure at all.  The Hartford has paid a total of $38,000 for damages occurring during the policy term, when in fact, it is likely that this sum actually exceeds the amount of the damages award that could be reasonably attributed to the policy period for covered damages.

The purpose of §3420(a)(2) is to make sure that if there is coverage for a loss the plaintiff is able to collect from the defendant's insurer the amount it owes. The statute should not be allowed to serve the inequitable purpose of making the insurer liable for amounts it does not owe.

Accordingly, it is our position that The Hartford has no obligation to plaintiff unless it can demonstrate that a sum greater than $38,000 represents damages because of infringement of copyright committed in the named insured's advertisement during the policy term.

If you would like to discuss this matter, please do not hesitate to contact me at (516) 734-2720.

Very truly yours,

*Diane DiFranco*

Diane DiFranco